### BUIST v. SALVO.

1. COMPLAINT—DEMURRER.—A demurrer cannot be sustained which is good only as to some of the paragraphs of the complaint. A demurrer to be well taken must be interposed to the whole complaint, or to one of its causes of action, but objection to irrelevant paragraphs should be by motion, under section 181 of the Code.
2. PETITION FOR REHEARING refused.

Before ALDRICH, J., Charleston, March, 1893.

Action by G. L. Buist, receiver, against Anna M. Salvo. Defendant appealed.

*Messrs. Fitzsimons & Moffett,* for appellant.

*Messrs. Mordecai & Gadsden,* contra.

April 16, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. The only question involved in this case which is not disposed of by the decision of this court just filed in the case of George Lamb Buist as receiver &c. *v.* Fitzsimons, *ante*, 130, is whether or not the presiding judge erred in sustaining the demurrer to paragraphs XII. and XIII. of defendant's answer.

The following is the order of the Circuit Judge: "The complaint having been read, the defendant interposed an oral demurrer thereto, upon the ground that it did not state facts sufficient to constitute a cause of action. After hearing the argument, it is ordered, that the said demurrer be and is hereby overruled.

"This case thereafter came on to be heard upon the com-

plaint, answer of defendant, and the demurrer of plaintiff to such answer. After hearing argument of counsel, it is ordered, that the demurrer to said answer be and is hereby sustained in so far as the same applies to the allegations contained in the XII. and XIII. paragraphs of said answer, and said paragraphs are hereby stricken out, the court being of the opinion that neither of said paragraphs, considered either separately or together, state facts sufficient to constitute a defence; and so far as the demurrer to the other paragraphs of the answer is concerned, such demurrer is hereby overruled. After the presiding judge had given his decision orally as herein set forth, counsel for the plaintiff asked leave to withdraw their demurrer to all the paragraphs of said answer except paragraphs XII. and XIII., which leave was thereupon given, and is hereby granted. (Signed) James Aldrich, presiding judge."

Section 166 of the Code provides that the demurrer may be taken to the whole complaint, or to any of the alleged causes of action stated therein; but it is nowhere provided that a demurrer may be interposed to a part of a cause of action. The same principle applies, when the demurrer is to a defence. If the plaintiff desired to demur to certain defences set up in the answer, and they were not separately stated, he should have made a motion to have the pleadings made more definite and certain, and when this was done, should have made a motion to strike out such paragraphs or portions thereof as were irrelevant, as provided by section 181 of the Code, which is as follows: "If irrelevant or redundant matter be inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby. And when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defence is not apparent, the court may require the pleadings to be made definite and certain, by amendment." A demurrer cannot be sustained, which is good only as to certain paragraphs of a defence.

It is the judgment of this court, that the order of the Circuit Court be modified, in accordance with these views, viz: that the order sustaining the demurrer to paragraphs XII. and XIII. of the answer be reversed.

In this case a petition was filed, asking for a rehearing of the appeal; but it was refused by an order passed May 14, 1895, PER CURIAM, in the same form as in *Buist* v. *Bryan,* 1895, *ante,* 129.