## 7717

## MILES v. CHARLESTON LIGHT AND WATER CO.

1. DEMURRER—CAUSE OF ACTION.—A COMPLAINT alleging a public service corporation negligently and wantonly supplied to its customers water of a harmful and injurious character and at such high and abnormal pressure as to corrode and injure the pipes states but one cause of action and demurrer should not be sustained to a part of an alleged cause of action.

2. APPEAL.—An order denying a motion to require a plaintiff to make his complaint more definite is not appealable until final judgment.

3. IBID.—DEMURRER.—An order sustaining a demurrer, which has the effect of striking out a part of the complaint, is appealable.

4. A PLEADER is only required to state the ultimate facts constituting his cause of action so that the precise nature of his claim is apparent.

Before DEVORE, J., Charleston, April, 1909. Modified.

Action by John Allen Miles against Charleston Light and Water Co. From order sustaining demurrer in part both parties appeal.

*Messrs. Logan & Grace,* for plaintiff, cite: *Demurrer should not have been sustained to a part of the cause of action:* 64 S. C. 389. *Order refusing to require plaintiff to make his complaint more definite is not appealable until final judgment:* 20 S. E., 790; 60 S. C., 521. *The contract is only referred to to show the relation between the parties, but the action is based on tort:* 6 S. C. 130; 54 S. C. 498; 172 Pa. St. 489; 16 Ency. 389.

*Messrs. Miller, Whaley & Bissell* and *J. P. K. Bryan,* for defendant, cite: *The complaint states no cause of action:* 1 Speer 314; 1 Hill 383; Chev. 186; 1 Strob. 412; 40 S. C. 40; 134 U. S. 313. *Complaint should have specified the negligence:* 47 S. C. 30; 53 S. C. 208; 61 S. C. 186.

November 14, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Plaintiff, as the owner of a dwelling and office in the city of Charleston, brought this action against the defendant, a public service water company, under contract to supply plaintiff through pipes installed in his house with water suitable for drinking, bathing and all other purposes under reasonable pressure, to recover damages for negligently and wantonly supplying water of a harmful and injurious character and at such high and abnormal pressure as to corrode and injure the pipes so that one of them burst and thereby damaged plaintiff's residence, office and furniture to the amount of $2,147.

Defendant first moved the Court to have the complaint made more definite and certain by alleging the act or acts

constituting the negligence and wantonness of defendant which caused the injury.

The motion was refused and defendant appeals from that order.

Then defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action in that it fails to state facts constituting a breach of the alleged contract and facts which constitute any actionable injury.

Judge DeVore overruled the demurrer holding that the complaint stated a cause of action with respect to the allegation of negligence and wantonness in furnishing water at a high and abnormal pressure, but sustained the demurrer as to the allegations of negligence and recklessness in furnishing water of a harmful and deleterious nature.

Plaintiff appeals from so much of this order as sustains the demurrer in part and defendant appeals from so much of the order as overrules the demurrer in part.

We regard the complaint as stating a single cause of action. The relation of duty between the parties springs from the contract to supply water suitable for all purposes under reasonable pressure and the breach of duty imposed by law upon the public service corporation because of that relation is alleged to be the negligent and wanton act of supplying water of such harmful and deleterious nature and under such high and abnormal pressure as to corrode, injure and burst the plaintiff's water pipe to his injury.

The corrosive nature of the water and the high and abnormal pressure are stated as co-operating causes in producing the injury. It may be true that the ordinary effect of pure water on most metals is to bring about more or less rust or corrosion in time, but the theory of the complaint is that deleterious matter in the water augmented or intensified its natural corrosive action and in conjunction with the

abnormal pressure, operated to do the injury. To allege that the pressure was high and abnormal and recklessly made and burst the pipe is surely equivalent to an allegation that the pressure was unreasonable.

Demurrer may be taken to the whole complaint or to any separate cause of action sought to be stated therein, but not to a part of an alleged cause of action. *Buist* v. *Salvo,* 44 S. C. 143, 21 S. E. 615; *Lawson* v. *Gee,* 57 S. C. 506, 35 S. E. 759; *Sloan* v. *Ry.,* 64 S. C. 394, 42 S. E, 197.

Hence the demurrer should have been overruled.

An order denying a motion to require plaintiff to make his complaint more definite is not appealable until final judgment. *Fladger* v. *Beckman,* 42 S. C. 547, 20 S. E. 790; *Hawkins* v. *Wood,* 60 S. C. 526; 39 S. E. 9.

In this case, however, appeal has also been taken from the order upon the demurrer, which in effect strikes out a portion of the complaint. This last order being appealable under sec. 11, sub. 2, of the Code of Civil Procedure and being now under review it is not deemed objectionable to consider the motion to make definite along with it.

A complaint may lack fullness of detail and yet not be subject to a motion to make more definite and certain. It is not required that the pleader shall do more than state the ultimate facts constituting the cause of action and he is not required to plead merely evidentiary matters.

The Code, sec. 181, allows such a motion "when the allegations of a pleading are *so* indefinite or uncertain that the *precise nature* of the charge or defense is not apparent."

The conclusion of the Circuit Court upon the motion will not be disturbed unless the Court is satisfied that a party has been placed at a real disadvantage. *Hughes* v. *Mfg. Co.,* 81 S. C. 355, 62 S. E. 404.

The *precise nature* of plaintiff's claim is apparent.

17—87

The order of the Circuit Court refusing the motion to make definite is affirmed, and in so far as the order overrules the demurrer it is affirmed, but in so far as it sustains the demurrer it is reversed.