12260

CALDWELL v. McCAW *ET AL.*

(139 S. E., 174)

1. Pleading—Demurrer Must be to Whole Complaint, if it States Only one Cause of Action, or at Least to one Entire Cause of Action, if More Than one is Stated.—Demurrer, to be sustainable, must be interposed to the whole complaint, if it states only one cause of action, or at least one entire cause of action, if the complaint states more than one cause.

2. Pleading—Demurrer to Two Paragraphs of Complaint, Attacking Validity of Mortgage Held by Defendant in Claim and Delivery Action, Held Properly Overruled.—In action in claim and delivery to recover crop on which plaintiff held mortgage later in point of time than mortgage held by defendant bank, demurrer to only two paragraphs of complaint, attacking validity of defendant

bank's mortgage, *held* properly overruled; the complaint having stated but a single cause of action, to which the paragraphs involved were surplusage.

3. APPEAL AND ERROR—ORDER DENYING MOTION TO STRIKE OUT IS NOT APPEALABLE.—An order refusing a motion to strike out is not appealable.

Before BONHAM, J., York, November, 1924. Affirmed.

Action by R. H. Caldwell against Robert McCaw, the Planters' Bank of Sharon, and another. From an order overruling the demurrer, defendant Bank alone appeals.

*Mr. John R. Hart,* for appellant, Planters' Bank, cites: *Mere allegation of fraud is a conclusion of law and cannot withstand a demurrer:* 96 S. C., 240; 112 S. C., 340. *In pleading fraud the facts must be stated:* 120 S. C., 91; 73 S. C., 21; 20 Cyc., 96, 97; 90 Cal., 75.

*Messrs. Marion & Finley,* for Robert McCaw, cite: *Demurrer cannot be sustained where directed to only one cause of action:* 44 S. C., 144; 64 S. C., 394; 70 S. C., 572; 71 S. C., 3; 57 S. C., 502; 115 S. C., 421; 87 S. C., 254; 128 S. E., 857. *Demurrer is not an alternative for the motion to strike:* 95 S. C., 4; 81 S. C., 130; 80 S. C., 47; 85 S. C., 128. *Instrument of writing introduced in evidence but not mentioned in pleading may be declared void:* 45 S. C., 496. *Misrepresentation and deceit are elements of fraud:* 78 S. C., 491; 82 S. C., 173; 78 S. C., 491. *Right to set up illegality or other invalidating cause against a mortgage:* 27 Cyc., 1131. *Within discretion of Circuit Judge to direct that allegations be made more definite and certain and refuse motion to strike; not applicable:* 74 S. C., 13; 82 S. C., 166; Id., 415; 87 S. C., 254; Id., 247; 81 S. C., 303; 74 S. C., 430; 110 S. C., 148; 105 S. C., 25; 128 S. E., 711; 132 S. E., 172. *Motion to strike out is directed at irrelevant and redundant matters only:* Sec. 421, Code Civ. Proc.

August 29, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action in claim and delivery. The complaint, as amended by leave of the Court, sets up a claim to the crops of the defendant Robert McCaw, grown during the year 1921, by virtue of a mortgage executed by McCaw in favor of the plaintiff on the 18th day of March 'of that year. The complaint alleges that delivery of possession of the crops had been demanded, that the demand had been refused, and that the reason for the witholding was that the defendant the Planters' Bank of Sharon holds or claims to hold, on the same crops a mortgage prior to that held by the plaintiff. Paragraphs 6 and 7, with further reference to this alleged mortgage, are as follows:

"(6) That in this connection the plaintiff further answers, and alleges to the best of his knowledge, information, and belief the said Planters' Bank has no valid claim or mortgage against the crops of Robert McCaw for the year 1921, and that, if any such mortgage was executed and obtained by the Planters' Bank, it was obtained through fraud and misrepresentations; that the same is a nullity, without force and effect against the plaintiff's mortgage, and it should be so decreed by this Court.

"(7) The plaintiff further avers that the mortgage claimed to have been executed by the defendant to the Planters' Bank, covering the crops of Robert McCaw for 1921, is without force and effect, and is invalid as against Robert McCaw and against the plaintiff, who claims under under a valid mortgage from the said Robert McCaw, for the reason that the said mortgage given by Robert McCaw to the Planters' Bank on January 3, 1921, was changed and altered after the execution and delivery of the same by Robert McCaw to the Planters' Bank, the said alterations consisting in certain erasures and interlineations and additions in the body of the mortgage, and consisting also of the addition of two other parties to

the same, to wit, Will McCaw and John McCaw; that such
changes and additions were made without the consent of
the said Robert McCaw, and were made after the execution
of the said mortgage by him; and that for this reason the
said mortgage of the Planters' Bank is invalid and con-
stitutes no claim or lien upon the crops of Robert McCaw
for the year 1921."

The defendant J. S. Wilkerson appears to have purchased
two bales of the cotton in question and to be merely a stake-
holder.

The defendant the Planters' Bank filed an answer, setting
up a mortgage, dated January 3, 1921, alleged to have been
given to it by Robert McCaw. The defendant Robert Mc-
Caw by his answer admits the execution of the mortgage
set up in the complaint, and alleges that he was unable to
deliver his crops to the plaintiff, for the reason that the
Planters' Bank was in possession of the same, claiming
them under an alleged mortgage given by him on January
3, 1921. With reference to the bank's mortgage, the sixth
paragraph of McCaw's answer is as follows:

"(6) In this connection the defendant further avers and
alleges that the Planters' Bank has no valid claim or lien
upon the crops raised by him for the year 1921 upon the
land described in the complaint, for the reason that the
mortgage claimed to have been given by him to the said
Planters' Bank is void, a nullity, and without force and effect,
on account of the same being obtained by misrepresentation
and fraud, and for the reason that the said alleged mort-
gage claimed to have been given by this defendant to the
Planters' Bank was materially changed and altered without
this defendant's consent after the same had been executed
and delivered."

The Planters' Bank demurred to the sixth and seventh
paragraphs of the amended complaint upon the grounds that
the complaint (1) failed to state facts showing that the
bank's mortgage was obtained through fraud and misrepre-

sentation, and (2) failed to state facts showing any material alterations in the bank's mortgage that would vitiate it either as to Robert McCaw or as to the plaintiff. The bank also gave notice that it would make a motion to strike out the sixth paragraph of McCaw's answer, on the ground that there were no allegations of fact showing what fraud or misrepresentation was claimed to have been practiced against McCaw by the bank, and that the said allegations were simply statements of legal conclusions, containing no statement of fact on which to base such conclusions. The bank also gave notice of a motion to require the defendant McCaw to make the allegations of the sixth paragraph of his answer more definite and certain, by alleging what material alterations were made in the bank's mortgage. At the hearing on the several pleadings and motions, Judge Bonham overruled the demurrer to the sixth and seventh paragraphs of the complaint and the motion to strike out the sixth paragraph of McCaw's answer, but granted the motion to make the allegations of paragraph 6 of McCaw's answer more definite and certain.

In due time McCaw served his amended answer, in accordance with Judge Bonham's order. Thereafter the case came on for trial on the amended pleadings, and a verdict for the plaintiff resulted. This appeal is taken on exceptions filed by the bank to the order of Judge Bonham, overruling the demurrer and refusing to strike out the sixth paragraph of McCaw's answer.

1, 2      The demurrer was properly overruled. The complaint states only one cause of action, and the demurrer is directed to only a part of the complaint, and even that part is surplusage and "legally gratuitous." In order to be sustained, a demurrer must be interposed to the whole complaint, if the complaint states only one cause of action, or to at least one entire cause of action, if the complaint states more than one cause. *Citizens' Bank v. Davis;* 132 S. C., 1; 128 S. E., 857; *Miles v. Charleston Light & Water Co.,*

87 S. C., 254; 69 S. E., 292; *Buist v. Salvo,* 44 S. C., 143; 21 S. E., 615, and other cases.

An order refusing to strike out is not appealable. 3    *Osteen v. Atlantic Coast Line R. R.,* 93 S. C., 61; . 76 S. E., 25; *Harbert v. Atlanta & C. A. L. Railway,* 74 S. C., 13; 53 S. E., 1001, and other cases.  In the *Harbert case* Justice Woods said:

"The omission to provide for appeal from an order refusing to strike out is significant, and there was good reason for it.  If the Circuit Court errs in striking out any material allegations of a good cause of action or good defense, it is impossible to remedy it in the course of the trial, because the evidence and the issues submitted to the jury cannot be extended beyond the issues made by the pleading, and on appeal from the final judgment this Court could not say there was error of law in confining the evidence and charge to the pleadings.  On the other hand, if the Circuit Court errs in refusing to strike out any pleading or portion of a pleading as irrelevant, the error of submitting an irrelevant issue to the jury may be corrected on appeal from the charge actually made, or from refusal of request to ·charge.  This view of the matter impairs no substantial right and prevents multiplicity of useless appeals, and the delay and inconvenience which would be incident thereto."

We have passed upon the questions raised by the exceptions, but we may add that so far as this appeal is concerned these questions appear to be entirely academic.  After the passing of the orders from which the appeal is taken, the case went to trial, and judgment was rendered for the plaintiff.  This was a final judgment, and no apppeal was made therefrom, and so there is nothing upon which a decision of the points involved, even if favorable to the appellant, could operate to change the status created by the final judgment.

All exceptions are overruled, and the ·judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.