12877

HUYLER v. KOHN

(153 S. E., 460)

*Messrs. Thomas & Lumpkin,* for appellant,

*Messrs. Melton & Belser,* for respondent,

April 1, 1930.

The opinion of the Court was delivered by Mr. Justice Stabler.

This is an action on two promissory notes, in the sum of $875 each, executed by the defendant and made payable to the order of A. L. Silknitter and F. M. Seymour, and alleged in the complaint to have been assigned and delivered before maturity for valuable consideration to the plaintiff Huyler. The complaint is in the usual form. All transactions in relation to the notes were made in the State of Florida.

The defendant, answering, admitted the execution of the notes but denied all other allegations of the complaint. He further alleged that he signed the notes as trustee for a corporation then being organized, and added the word "trustee" after his signature with the understanding and agreement with the payee thereof that the notes should be regarded as the obligation of the corporation and without personal liability on his part. He further alleged that the plaintiff Huyler was put on notice of the circumstances and conditions under which the notes had been signed by the defendant as trustee; that he knew there was no personal liability on the part of the defendant, but that the notes were solely the obligation of the corporation; and that they have been so treated by the plaintiff by correspondence and otherwise from the time of their execution down to date.

Plaintiff moved to strike out the answer on the ground that it was frivolous and irresponsive to the issues, and asked that judgment be awarded on the pleadings. He also demurred to the answer on the ground that it did not state facts sufficient to constitute a defense. The matter was heard by Hon. M. S. Whaley, Judge of the Richland County Court, who made an order dated March 18, 1929, striking out the third defense but refusing to strike out the first and second. Both parties to the action reserved their right to appeal from this order. In May, 1929, the case was tried before Judge Whaley and a jury. Testimony was offered and received on behalf of the plaintiff and the defendant in support of their respective allegations. The jury found a verdict for the defendant, and judgment was entered thereon.

This appeal is only from the order of the County Judge refusing to grant plaintiff's motion and sustain his demurrer; and, in view of the admitted fact that no appeal is taken from the final judgment, the defendant makes the point that the plaintiff cannot now prosecute his appeal from the preliminary order.

This contention is well taken. In the case of *Caldwell v. McCaw et al.,* 141 S. C., 86, 139 S. E., 174, 175, the Planters' Bank, one of the defendants, demurred to the complaint and moved to strike out a part of the answer of one of its co-defendants. The demurrer was overruled and the motion to strike out denied. Thereafter, the case was tried and a verdict for the plaintiff resulted. The defendant bank appealed from the orders overruling the demurrer and refusing to strike out, but no appeal was taken from the final judgment. On the hearing of the appeal, this Court, although it considered the questions presented, said: "We have passed upon the questions raised by the exceptions, but we may add that so far as this appeal is concerned these questions appear to be entirely academic. After the passing of the orders from which the appeal is taken, the case went to trial, and judgment was rendered for the plaintiff. This was a final judgment, and no appeal was made therefrom, and so there is nothing upon which a decision of the points involved even if favorable to the appellant, could operate to change the status created by the final judgment." This view is supported by the decisions of other jurisdictions.

In the case of *Drake v. Scheunemann,* 103 Wis., 458, 79 N. W., 749, we find (quoting syllabus): "The right of appeal from an intermediate order ceases on the entry of judgment; it is thereafter subject to review on appeal from the judgment."

In *Bates v. Holbrook,* 89 App. Div., 548, 85 N. Y. S., 673, 675, the Court held: "After final judgment, however, the interlocutory judgment or intermediate order can only be reviewed on an appeal from the final judgment. The interlocutory judgment and the interlocutory orders upon which that final judgment is based are all merged in the final judgment, and no right to review an interlocutory judgment or intermediate order upon which the final judgment was based survives the entry of the final judgment, except so far as a review of the interlocutory judgment or inter-

mediate order is allowed on the appeal from the final judgment."

In *Twitchell v. Risley,* 56 Or., 226, 107 P., 459, 460, it was held: "All the errors of law committed by the Court during the course of a trial are merged in the judgment, from which the appeal, if any, is taken, and not from interlocutory orders." See, also, *Banks v. Guinyard,* 63 Fla., 334, 58 So., 229.

> After entry of final judgment in a case, prior interlocutory judgments and intermediate orders can be reviewed only upon an appeal from the final judgment; and as there was no appeal in the case at bar from such judgment, the appeal taken by plaintiff from the intermediate order of Judge Whaley must be dismissed; for, as stated in the *Caldwell case,* "there is nothing upon which a decision of the points involved, even if favorable to the appellant, could operate to change the status created by the final judgment."

Appeal dismissed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.

On Petition for Rehearing and on Motion to Reinstate and Perfect Appeal

Per Curiam.

The appellant has filed a petition for a rehearing in this case and has also moved the Court for an order "reinstating and allowing the perfection of the appeal from the orders, rulings, verdict and judgment * * * rendered and entered in the * * * action." The rehearing is asked for upon the ground that the Court "misapprehended the true status of the appeal and overlooked the fact that the transcript of record shows convincingly that the appeal is taken from the final judgment entered on a verdict in which the Court is asked to review and consider a preliminary order, as well as the final judgment." The Court's attention is

directed to the "two notices filed on behalf of the appellant and also to the exceptions taken to the Judge's preliminary order and to his rulings on the trial of the case," as evidences of the petitioner's contention.

In the preparation of its opinion heretofore filed in the case, the Court did not overlook the fact that the appellant had given notice of intention to appeal from the final judgment, but was led to conclude that such appeal had been abandoned, for the reason that the transcript of record contained the statement that "it is from the order of the trial Judge refusing to sustain plaintiff's motion and demurrer that this appeal was taken"; and for the further reason that a reading of appellant's exceptions and of the County Court's order, denying plaintiff's motion to strike and overruling his demurrer, disclosed that the exceptions were taken to that order only. Further, the only statement appearing in the record with reference to the trial was in these words: "The case thereafter came on for trial before the Hon. M. S. Whaley, Judge of the Richland County Court, and a jury during the latter part of May, 1929. Evidence was offered on behalf of the plaintiff and the defendant in support of the allegations contained in the pleadings. Plaintiff also made a motion for a direction of a verdict which, however, was refused. The case was submitted to the jury on the issues as made and the jury found a verdict in behalf of the defendant."

The petitioner states, however, that while the rulings upon which certain testimony was allowed were made at the time the trial Judge filed his order refusing plaintiff's motion, they were given actual application on the trial of the case. Even if this view were accepted as correct, more was necessary, if the appellant desired to bring here for the Court's consideration an appeal from the final judgment, than the mere giving notice of intention to appeal. Such appeal necessarily involves the consideration of errors of law committed *in the trial of the case,* which might or might not affect the validity of the judgment rendered; and

if, as stated by the petitioner, such errors were committed by the trial Judge in the present case, a statement to that effect should have appeared in the record for appeal, with appropriate exceptions to the Court's rulings made on trial. The record before us, however, contains only what we have already indicated, and this Court correctly held in its opinion that the appeal taken was from the interlocutory order only.

With regard to the petitioner's motion for an order "reinstating and allowing the perfection of the appeal," it is sufficient to say that our very careful examination of all the supporting papers submitted discloses no good reason why the motion should be granted.

The petition for a rehearing is dismissed, and the motion refused, and the order staying the remittitur revoked.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.