19387

Eli S. NAUFUL, Respondent, v. Joseph S. MILLIGAN, Appellant

(187 S. E. (2d) 511)

140

*Messrs. N. H. Hamilton,* of Summerville, and *Frank K. Sloan,* of Columbia, *for Appellant,*

*Messrs. John H. Smith,* of *Walker, Walker & Jenkins,* Summerville, and *Ernest J. Nauful, Jr.,* of Columbia, *for Respondent,*

142

*Messrs. N. H. Hamilton,* of *Summerville,* and *Frank K. Sloan,* of *Columbia, for Appellant, in Reply,*

March 13, 1972.

Lewis, Justice:

Defendant committed an assault and battery upon plaintiff and this action was brought to recover the resulting damages which, it is now stipulated, include only actual damages. Subsequently, after an answer was filed, plaintiff's motion for summary judgment in his favor was granted on the issue of liability alone, leaving only the question of damages for determination. Defendant has appealed from the order granting partial summary judgment.

We must first determine whether the order granting summary judgment only on the issue of liability is appealable.

Plaintiff-respondent takes the position that such an order is interlocutory in character and not appealable until final judgment.

Rule 44, subsections (a) and (b), of the Circuit Court Rules provides that a party may move for summary judgment in his favor upon all or any part of a claim, counterclaim or cross claim; and further states, in subsection (c), that "a summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

While the foregoing rule clearly characterizes, as interlocutory in nature, a summary judgment limited to the issue of liability, it does not determine the right to appeal from such a judgment. This must be determined under the statutes governing appeals to this Court.

The controlling statute is Section 15-123 (1) of the 1962 Code of Laws and, under it, an interlocutory or intermediate order is immediately appealable, if it is one "involving the merits."

The interlocutory adjudication in this case determines that the defenses interposed by defendant are without merit and that he is liable to the plaintiff on the claim asserted in the complaint, leaving only the amount of the damages at issue. It thus finally decides the merits of every issue in the case, except that of damages. We think that such a determination involves the merits and comes within the class of interlocutory or intermediate orders from which an immediate appeal is allowed under Section 15-123.

We then reach the basic issue of whether the lower court erred in granting plaintiff's motion for summary judgment on the issue of liability. Summary judgment was properly entered if, under the showing made, there was no genuine issue as to any material fact and plaintiff was entitled to judgment on the issue of liability as a matter of law.

The motion for summary judgment was based upon a discovery deposition of defendant, an affidavit of plaintiff, and a certified xerox copy of an indictment containing defendant's plea of guilty to simple assault and battery in connection with the incident alleged in the complaint. Defendant filed a "return" to the motion, in which he alleged that, under the facts presented by plaintiff, the encounter between the parties amounted to mutual combat and that he was coerced by his wife and friends into the plea of guilty to assault and battery because of the fear that he might receive a more severe sentence if he contested the criminal charge.

The complaint alleged that the defendant, without cause or provocation, wilfully, maliciously, and wrongfully committed an assault and battery upon plaintiff, from which plaintiff sustained actual damages in the amount of $25,000-.00. The answer of the defendant interposed a general denial and, for a further defense, alleged that "if the plaintiff suffered any injury or damage the same was provoked and brought about by his own actions."

The issues raised by the pleadings, with reference to liability, were (1) whether defendant committed the assault and battery upon plaintiff and, if so, (2) whether such resulted from the wrongful and unprovoked act of the defendant.

There is no substantial difference between the statements of the parties as to the material facts surrounding the incident in question. Plaintiff and defendant were neighbors. Apparently the families had some disagreement about the activities of their dogs. In the course of extended bickering between them, plaintiff on the one occasion called defendant's children "white trash." This first came to the attention of defendant's wife and plaintiff apologized to her for so referring to the children. Defendant was later informed of the incident by his wife. As a result, defendant became angry and, on the late afternoon of August 25, 1969, called to plaintiff, who was then in his own yard, for the purpose

of straightening out the affair concerning plaintiff's reference to defendant's children as "white trash."

As a result of defendant's call to plaintiff, they met in the street between their homes. Upon inquiry by defendant as to whether plaintiff had called the children "white trash," plaintiff admitted that he had, but informed defendant that he had apologized for doing so, to which defendant replied: "Well you haven't apologized to me." The course of events thereafter was thus described by defendant:

"Q. And did he reply to that? Did he say anything else to you then or was that when you struck him?

"A. No, I told him, I believe, I told him he hadn't apologized to me and he said something and I don't recall now just what it was. But I told him that I, or something similar, that I wasn't putting up with that from a grown up man to my kid and I put my hand on his shirt and he throwed his hands up and said 'Hit me,' and I don't know if he was raising his hands up to hit me back or what, and that's when I hit him."

With reference to the actual assault and battery and the reason given for striking the plaintiff, defendant testified as follows:

"Q. Mr. Milligan, I call your attention to August 25, 1969, at around 7:00 to 8:00 o'clock in the evening and ask you did you hit one Eli Nauful?

"A. I did.

"Q. How many times did you hit him?

"A. Twice.

"Q. Did you hit him because of what he said to your children?

"A. That's exactly right.

"Q. Did Mr. Nauful ever hit you?

"A. No.

"Q. Was Mr. Nauful knocked down once by you and then after he got up you hit him again? Is that the sequence of the events more or less?

"A. He went down kinda on his back and then he got up and started running his mouth again saying that he was going to see me in jail and cussing and everything and that's when I hit him again."

Defendant contends that the foregoing evidence presented factual issues concerning his intent in striking plaintiff. He argues that there were genuine factual issues as to whether the attack resulted from provocation and mutual combat.

Defendant admitted the assault and battery upon plaintiff. The basic inquiry then was whether the attack upon plaintiff was wrongful. *Herring v. Lawrence Warehouse Co.*, 222 S. C. 226, 72 S. E. (2d) 453.

The record contains the admission of defendant that he struck the plaintiff solely because of the statement made several days before to defendant's children. It also conclusively appears that plaintiff had no weapons, and never struck the defendant or offered to do him any physical harm.

The statement made by plaintiff a few days before to defendant's children afforded no legal justification for the assault and battery. Neither did the words "hit me," attributed to plaintiff shortly before he was struck by defendant, constitute such justification. In neither instance was there any accompanying offer of physical violence. The controlling legal principle is thus stated in *City of Gaffney v. Putnam*, 197 S. C. 237, 15 S. E. (2d) 130:

In view of the fact that peace and good order forbid that individuals shall right their own wrongs, we have announced the rule in numerous cases that in the absence of statute, mere words, no matter how abusive, insulting, vexatious or threatening they may be, will not justify an assault and battery, unless accompanied by an actual offer of physical violence. . . .

The facts also fails to show provocation. They do not show justification; and provocation which does not amount in law to justification is no defense to an assault and battery. *Terry v. Richardson*, 123 S. C. 319, 116 S. E. 273.

Defendant also contends that the facts presented an issue as to whether the assault was committed in mutual combat. Assuming that mutual combat would constitute a defense, there is no evidence to sustain it. To constitute mutual combat there must exist a mutual intent and willingness to fight. Defendant's testimony negatives any such intent. He testified that he initiated the meeting between him and plaintiff and struck the blows solely because of the prior derogatory statements to his children.

The lower court therefore properly granted summary judgment on the issue of liability.

After granting summary judgment on the issue of liability, the lower court then attempted to determine what testimony would be admissible upon the trial of the remaining issue of damages. This, of course, was clearly beyond the issues before the court and that portion of the order must be reversed. In doing so, however, we point out that this ruling is based solely upon ground that the lower court had no authority to rule upon the admissibility of testimony at a subsequent trial to determine damages.

Pursuant to the petition of appellant, we have reviewed our prior decisions in *City of Gaffney v. Putnam* and *Terry v. Richardson,* both *supra,* in so far as they might affect the question of liability, the only issue now before the Court. No sound reason has been cited to overrule or modify them and we accordingly adhere to these decisions.

In accordance with the foregoing views, the judgment of the lower court is affirmed in part and reversed in part.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, J.J., concur.