## 20969

EPISCOPAL HOUSING CORPORATION, Respondent, v. FEDERAL INSURANCE COMPANY, McCrory-Sumwalt Construction Co., Inc., also known as McCrory Construction Company, Inc., and Lafaye Associates, Inc., Defendants,

Of Which McCrory-Sumwalt Construction Company, Inc., also known as McCrory Construction Company, Inc., is Appellant.

(255 S. E. (2d) 451)

*Smith, Currie & Hancock,* Atlanta, Ga., and *W. Shell Suber, Jr.,* of *Graydon & Suber,* Columbia, *for appellant.*

*Charles B. Bowers* and *William H. Smith, Jr.,* Columbia, and *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

May 23, 1979.

NESS, Justice:

This appeal is from an order requiring the parties to submit to a consolidated arbitration proceeding. We affirm.

The owner of an apartment complex (Episcopal Housing Corporation) brought this action against the architect (Lafaye Associates, Inc.) and the builder (McCrory-Sumwalt Construction Co., Inc.) alleging defects in design and construction. The contract between the architect and the owner provided for arbitration as did the contract between the builder and the owner. Both the architect and the builder moved for arbitration, and a consolidated proceeding was ordered by the Honorable Walter Bristow. This Court affirmed Judge Bristow's order in its entirety except for the portion requiring the bonding company to submit to arbitration. *Episcopal Housing Corp. v. Federal Ins. Co., et al.,* 269 S. C. 631, 239 S. E. (2d) 647 (1977).

Subsequently, the owner made a motion that the arbitration demanded by the architect and the builder be consolidated into one proceeding. This appeal is from an order granting that motion.

Appellant, McCrory-Sumwalt, asserts it was error to compel it to submit to a consolidated proceeding absent contractual agreement or statutory authority. We disagree.

Although the Federal Arbitration Act does not provide for consolidation unless the contracts specifically so provide, federal courts have deemed it appropriate under some circumstances. See *Compania Espanola de Petroleos, S. A. v. Nereus Shipping, S. A.,* 527 F. (2d) 966 (2nd Cir. 1975), cert. den. 426 U. S. 936, 96 S. Ct. 2650, 49 L. Ed. (2d) 387 (1976); *Robinson v. Warner,* 370 F. Supp. 828 (D. R. I. 1974). As stated in the *Espanola* case, 527 F. (2d) at 975: "[W]e think the liberal purposes of the Federal Arbitration Act clearly require that this act be interpreted so as to permit and even encourage the consolidation of arbitration proceedings in proper cases . . ."

A number of state courts also favor the consolidation of arbitration proceedings in appropriate circumstances. *Exber, Inc. v. Sletten Construction Co.,* 558 P. (2d) 517 (Nev. 1976); *Grover-Dimond Associates v. American Arbitration Association,* 211 N. W. (2d) 787 (Minn. 1973); *James Stewart Polshek & Associates v. Bergen County Iron Works,* 142 N. J. Super. 516, 362 A. (2d) 63 (1976); *In the Matter of the Arbitration between Chariot Textiles Corp. and Wannalancit Textile Co. and Kute Kiddies Coats, Inc., et al.,* 18 N. Y. (2d) 793, 221 N. E. (2d) 913 (1966). We believe these cases represent the better view.

Appellant has demonstrated no convincing evidence of any prejudice which would result from the consolidation of arbitration proceedings. While we recognize that arbitration is a creature of contract, appellant would not be denied its contracted-for right to arbitration; rather the consolidation

would provide a logical, expeditious method by which to enforce that right.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.