Robert LEBOVITZ and Richard Ender, Appellants v. Donald E. MUDD, Sr., Donald E. Mudd, Jr., Arnold H. Heltzer, J. Ray Westmoreland, John Gettys Smith, John Gettys Smith Associates, Allen L. Richardson, Diane Taylor Hickey, a/k/a Diane Taylor, L.U.C.A.B. Partnership, Michael D. Stronberg, H.B. Land Partnership, Cooper Land Holding Partnership, Jamie G. Reynolds, Dasoca Properties, and First Illinois Bank of Evanston, N.A., Defendants, Of Whom Donald E. Mudd, Sr., Donald E. Mudd, Jr., Arnold H. Heltzer, L.U.C.A.B. Partnership, Dasoca Properties and First Illinois Bank of Evanston, N.A., are Respondents.

Richard ENDER, Charles R. Rose and Bruce Munies, Appellants v. Donald E. MUDD, Sr., Donald E. Mudd, Jr., Arnold H. Heltzer, L.U.C.A.B. Partnership, New River Partnership, Osprey Partnership, John Gettys Smith, John Gettys Smith Associates, Allen L. Richardson, Melissa R. Paine, J. Ray Westmoreland, A.R. Grant Morehouse, Dasoca Properties and First Illinois Bank of Evanston, N.A., Defendants, Of Whom Donald E. Mudd, Sr., Donald E. Mudd, Jr., Arnold H. Heltzer, L.U.C.A.B. Partnership, Dasoca Properties and First Illinois Bank of Evanston, N.A., are Respondents.

(347 S. E. (2d) 94)

Supreme Court

April 9, 1986.

ORDER

Appellants brought these actions against respondents and the other defendants for fraud and unfair trade practices arising out of sales of property on Daufuskie Island. Appellants' complaints also contained causes of action alleging respondents had made fraudulent conveyances proscribed by S. C. Code Ann. § 27-23-10 (1976). To give notice of their claims to set aside the fraudulent conveyances, appellants filed and served notices of lis pendens covering ten parcels of property, only one of which was involved in the fraud and unfair trade practice claims.

Respondents moved under Rule 12(b)(6), SCRCP, to dismiss the fraudulent conveyance cause of action in each complaint for failure to state a claim. After a hearing, the circuit judge issued an order granting the motion to dismiss the fraudulent conveyance claims and cancelling the lis pendens notices. The clerk of the lower court immediately cancelled the notices.

Appellants filed motions with the circuit court, including one for certification pursuant to Rule 54(b), SCRCP. The circuit court denied all motions and appellants appealed.

Appellants move this Court to issue a writ of supersedeas in the event the cancellation of lis pendens is not automatically stayed. Respondents move to dismiss the appeal on the ground that the order dismissing only the fraudulent conveyance claims is not appealable because of the circuit court's refusal to certify the judgment under Rule 54(b).

Rule 54(b) provides that when multiple claims or multiple parties are involved, the court may direct the entry of a final judgment as to less than all the claims or parties "only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment." Upon the circuit court's certification, this provision purports to render a partial judgment appealable as a final judgment. Lack of Rule 54(b) certification, however, does not preclude immediate appeal of an order which is directly appealable under S. C. Code Ann. § 14-3-330 (1976).

An order grainting a Rule 12(b) motion as to one of multiple claims is directly appealable under § 14-3-330(2) because it affects a substantial right and strikes out part of a pleading. *See Miles v. Charleston Light & Water Co.*, 87 S. C. 254, 69 S. E. 292 (1910) (order granting demurrer as to portion of complaint). The order is therefore subject to immediate appeal notwithstanding the refusal to certify under Rule 54(b). For this reason, respondents' motion to dismiss the appeal is denied.

Moreover, the cancellation of a notice of lis pendens is directly appealable under § 14-3-330. *See Virginia-Carolina Chemical Co. v. Wilkins*, 105 S. C. 291, 89 S. E. 659 (1916) (order dissolving an attachment). Because the order cancelling the notices of lis pendens is appealable, the appeal acts as an automatic stay of further proceedings upon the order. Supreme Court Rule 41, § 1(A); S. C. Code Ann. § 18-9-220 (1985); *see Melton v. Walker*, 209 S. C. 330, 40 S. E. (2d) 161 (1946) (order dissolving an attachment). Appellants' petition for a writ of supersedeas is therefore denied as unnecessary.

The clerk of the lower court improperly cancelled the lis pendens notices within ten days of the order of cancellation. *See* Rule 62(a), SCRCP. The clerk's cancellation is void and the notices shall remain effective during the pendency of this appeal.

It is so ordered.