1083

PLAZA DEVELOPMENT SERVICES, A South Carolina Joint Venture, Appellant v. JOE HARDEN BUILDER, INC., and Baker Masonry, Inc., Respondents.

(365 S. E. (2d) 231)

Court of Appeals

*L. Franklin Elmore* of *Ogletree, Deakins, Nash, Smoak and Stewart,* Columbia, and *John P. Henry,* of *Thompson & Gwin,* Conway, *for appellant.*

*Michael W. Battle* of *Lovelace & Battle,* Conway, *Hubert J. Bell, Jr.,* of *Smith, Currie & Hancock,* Atlanta, Ga., *Dewitt T. Black, III* of *Black & Biel,* Hilton Head Island; and *Thomas E. Pederson,* Charleston, *for respondents.*

Submitted Dec. 16, 1987.

Decided Jan. 25, 1988.

SHAW, Judge:

Respondent-subcontractor, Baker Masonry, Inc., (Baker) filed a demand for arbitration with the American Arbitration Association (AAA) against respondent-general contractor Joe Harden Builder (JHB). JHB filed a demand for arbitration with AAA against appellant-developer, Plaza Development Services, a South Carolina Joint Venture (Plaza), and sought consolidation with the pending Baker arbitration proceeding. Plaza appeals from the lower court's order denying Plaza's motion for a temporary injunction and granting JHB's motion to compel arbitration and to consolidate arbitration proceedings. We affirm.

The controversy arose out of the construction of a condominium. Plaza is the developer and owner of the condominium, JHB is the general contractor and Baker is the masonry subcontractor. The project was substantially complete in August 1984, but a dispute arose between Plaza and JHB over final payment, change orders and liquidated damages. The contract between Plaza and JHB contains an

arbitration clause and JHB filed a demand for arbitration with the AAA. Before the disputes could reach the arbitration stage, they were resolved by a settlement agreement between Plaza and JHB. The agreement resolved a number of issues and created a $25,000 escrow account. The $25,000 account was to be withheld from JHB to guarantee its performance of warranty work on the project for which JHB was responsible. The warranty was to extend until August 21, 1985 at which time JHB was to receive the balance of the principal and interest remaining in the escrow account provided JHB was not in default of the contract or the agreement.

On February 19, 1986, Baker initiated an arbitration proceeding against JHB by filing its demand with the AAA. JHB then demanded arbitration against Plaza to recover the $25,000 held in escrow and requested the AAA consolidate the two arbitration proceedings. Baker sought payment of over $30,000 allegedly due under the masonry subcontract. JHB denied any award was due Baker and counterclaimed against Baker for indemnification due to defective brickwork as alleged by Plaza. The cause or causes of the defective brickwork were investigated but were not completely determined. A number of causes were postulated including defective masonry work as well as defective plans and specifications. JHB made repeated demands for the release of the escrow funds but Plaza refused because of the extensive defects. Should the defective brickwork be found to have resulted from the masonry construction, JHB contends Baker was ultimately responsible.

On May 6, 1986, Plaza instituted an action in the circuit court seeking to enjoin JHB, *pendente lite* and permanently, from proceeding with the arbitration against Plaza and from consolidating the two proceedings. JHB answered and further moved to compel arbitration and consolidation. The trial judge denied the relief sought by Plaza and granted JHB's motion to compel and to consolidate.

Plaza contends the contract between Plaza and JHB was never before the court and, therefore, the court had no evidence before it upon which to base its finding that the contract included an arbitration clause. The contract appears in the transcript of record and includes an

arbitration provision. This contract was attached as an exhibit to JHB's motion to compel and, according to the Statement of the Case, was introduced into evidence. Parties are bound by factual statements in the Statement of the Case. *Patel v. Southern Brokers, Ltd.*, 277 S. C. 490, 289 S. E. (2d) 642 (1982). Therefore, this argument is without merit.

Plaza next argues the trial court erred in granting the ■■ arbitration and consolidation in that the settlement agreement between Plaza and JHB did not incorporate the contract between Plaza and JHB.

The settlement agreement contains the following language:

> The parties agree that their performance under this agreement is a final and complete settlement of the final amount due under the contract and neither party shall make any additional claims thereof. Except as provided for herein, the Contract shall remain in full force, virtue and effect.
>
> Provided that JHB is not in default of the Contract on this agreement ...
>
> The parties hereto agree that this escrow agreement in no way limits or diminishes JHB's warranty or responsibility to perform under the Contract.

From this language, the trial court found a continued ratification of the general contract between Plaza and JHB, including the General Conditions of Construction in which the arbitration agreement is found.

Plaza contends the contract between Plaza and JHB cannot be relied upon to determine the existence of an arbitration agreement since the dispute is over the money held in escrow established by the settlement agreement. We disagree. The dispute is actually over who is responsible for the defective brickwork, an issue not addressed by the settlement agreement. The settlement agreement settles what amount shall be due and under what conditions and when that amount would be paid to JHB, but it does not address how disputes relating to fulfillment of the conditions will be resolved. Where instruments are entered into by the same parties at different times but relate to the same subject matter, the instruments will be construed together to deter-

mine the entire agreement between the parties. *Bishop Realty and Rentals v. Perk, Inc.*, 292 S. C. 182, 355 S. E. (2d) 298 (Ct. App. 1987). Construing the two instruments together, it is clear the arbitration applies to disputes arising relative to fulfillment of the settlement agreement. The settlement agreement leaves the contract intact and is silent as to arbitration. Therefore, we find the arbitration clause of the contract applies and the trial judge was correct in granting the motion to compel arbitration.

Finally, Plaza argues the court erred in ordering the consolidation of the two arbitration proceedings because of the prejudice Plaza would suffer. Plaza contends the court erred in ruling Plaza had not carried its burden in demonstrating prejudice from the absence of the project architect in a consolidated proceeding.

In a proper case for consolidation, one opposing consolidation must demonstrate convincing evidence of prejudice that would result from the consolidation. *Episcopal Housing Corp. v. Federal Insurance Co.*, 273 S. C. 181, 255 S. E. (2d) 451 (1979). Plaza contends, since JHB alleged the problems encountered with the brick were caused by the defective design, it would be severely prejudicial to require Plaza to participate in the consolidated proceeding in which the architect was excluded. First, it must be noted, any such prejudice in granting the consolidation which would be suffered by Plaza would likewise be suffered by JHB in denying the consolidation. JHB would be faced with the same problem of defending against Baker and then suing Plaza if it were to lose. The possibility the architect would be excluded from the consolidated arbitration arises from the contract between the architect and Plaza which forbids from arbitration any additional person not a party to the contract except where all consent. This contract is a negotiated agreement between Plaza and the architect for which JHB should not be punished.

For the foregoing reasons, the judgment below is

Affirmed.

BELL and CURETON, JJ., concur.