1191

PLAZA DEVELOPMENT SERVICES, a South Carolina Joint Venture, Appellant v. JOE HARDEN BUILDER, INC., Baker Masonry, Inc., Grayco Steel, Inc., Richard E. Martin, AIA and Associates, and United States Fidelity and Guaranty Company, Respondents.

(370 S. E. (2d) 893)

Court of Appeals

*L. Franklin Elmore*, Columbia, *for appellant.*

*Hubert J. Bell, Jr., J. Alexander Porter* and *Sidney R. Barrett, Jr.* of *Porter & Doster*, Atlanta, Ga., *Michael W. Battle* and *John B. McCutcheon, Jr.*, Conway, *Thomas E. Pedersen*, Charleston, *DeWitt T. Black, III*, Hilton Head Island, *Robert M. Erwin, Jr.*, Myrtle Beach, and *Saunders M. Bridges, Jr.*, Florence, *for respondents.*

Heard May 16, 1988.

Decided July 11, 1988.

BELL, Judge:

Plaza Development Services commenced this action for damages for alleged defects in the design and construction of a residential building. The complaint alleged counts in negligence, breach of implied and express warranties, fraud, and unfair trade practices. The defendant Joe Harden

Builder, Inc., moved to dismiss the action against it pursuant to Rule 12(b)(1), S. C. R. Civ. P., on the ground the claims are subject to arbitration under the Federal Arbitration Act, 9 U. S. C. § 1 et seq. The defendant United States Fidelity and Guaranty Company moved to dismiss Plaza's negligence, implied warranty, and fraud causes of action pursuant to Rule 12(b)(6), S. C. R. Civ. P., for failure to state a claim upon which relief can be granted. By separate orders, the circuit court granted the motions to dismiss. Plaza appeals. We affirm.

## I.

We first address the granting of Harden's motion.

A related action involving the same parties, the same subject matter, and the same issue of arbitration was previously adjudicated by the circuit court. In that action, the court ordered the dispute between Plaza and Harden to compulsory arbitration. We affirmed the prior order. *See Plaza Development Services v. Joe Harden Builder, Inc.*, 294 S. C. 430, 365 S. E. (2d) 231 (Ct. App. 1988). In this appeal, Plaza again seeks to avoid arbitration.

## A.

Plaza first argues that the arbitration clause was not before the circuit court and therefore could not be considered in ruling on the motion. The argument is without merit. The arbitration clause was incorporated as an exhibit to the judge's order. Moreover, Plaza did not raise this issue in the circuit court. An issue not presented to the circuit court cannot be raised for the first time on appeal. *Cudd v. John Hancock Mutual Life Ins. Co.*, 279 S. C. 623, 310 S. E. (2d) 830 (Ct. App. 1983).

## B.

Plaza next argues that the court erred in giving effect to the Federal Arbitration Act in this case, because it ousts the court of jurisdiction.

In enacting § 2 of the Federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the

resolution of claims which the contracting parties agreed to resolve by arbitration.

*Southland Corp. v. Keating*, 465 U. S. 1, 10, 104 S. Ct. 852, 858, 79 L. Ed. (2d) 1, 12 (1984). The Federal Arbitration Act supersedes the South Carolina common law rule that arbitration agreements are unenforceable as contracts to oust the courts of jurisdiction. *Episcopal Housing Corp. v. Federal Ins. Co.*, 269 S. C. 631, 239 S. E. (2d) 647 (1977). It was proper for the court to dismiss the action under Rule 12(b)(1), since federal law requires Plaza to arbitrate its claims against Harden. *See Evans v. Hudson Coal Co.*, 165 F. (2d) 970 (3d Cir. 1948).[1]

## II.

We do not decide the appeal from the order granting Fidelity's Rule 12(b)(6) motion, because it does not constitute a final adjudication of all claims against Fidelity. When multiple claims are made against a single defendant, an order adjudicating some but not all of them is ordinarily not appealable. *See Bolding v. Bolding*, 283 S. C. 501, 323 S. E. (2d) 535 (Ct. App. 1984). In this case, Plaza's claim for breach of express warranty is still pending against Fidelity. Therefore, the appeal is premature.

Plaza's appeal is not saved by Section 14-3-330(2), Code of Laws of South Carolina, 1976. That section provides for an interlocutory appeal from an order affecting a substantial right when the order "in effect determines the action and prevents a judgment from which an appeal might be taken." Neither criterion is satisfied in this case. The order granting the Rule 12(b)(6) motion did not determine the action against Fidelity. Likewise, it does not prevent a final judgment from being entered upon which an appeal might be

---

[1] Plaza also makes the wholly frivolous argument that the court should adjudicate its claims because Harden has taken no affirmative step to demand arbitration. A formal, presuit demand for arbitration is not required. *White-Weld & Co., Inc. v. Mosser*, 587 S. W. (2d) 485 (Tex. Civ. App. 1979), *cert. denied*, 446 U. S. 966, 100 S. Ct. 2943, 64 L. Ed. (2d) 825 (1980). In any case, Harden successfully moved to compel arbitration in the prior suit. *See Plaza Development Services v. Joe Harden Builder, Inc., supra.* Its motion to dismiss in this action also constitutes an affirmative assertion of its right to arbitrate. *See White-Weld & Co., Inc. v. Mosser, supra.*

taken. Once final judgment is entered, Plaza may appeal the issues raised by the Rule 12(b)(6) motion as part of any appeal from final judgment. *See State ex rel. McLeod v. C & L Corp., Inc.*, 280 S. C. 519, 313 S. E. (2d) 334 (Ct. App. 1984).

For the reasons stated, we affirm the order granting Harden's Rule 12(b)(1) motion and dismiss the appeal from the order granting Fidelity's Rule 12(b)(6) motion.

Affirmed in part, dismissed in part.

SANDERS, C. J., and LITTLEJOHN, Acting Judge, concur.

