## 23211

James B. LINK, Appellant v. SCHOOL DISTRICT OF PICKENS
COUNTY, Respondent.

(393 S.E. (2d) 176)

Supreme Court

*O.G. Calhoun,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for appellant.*

*Theron Cochran,* of *Love, Thornton, Arnold & Thomas,* Greenville, *for respondent.*

Heard Feb. 7, 1990.

Decided May 7, 1990.

FINNEY, Justice:

This appeal involves three issues: (1) the effect of Rule 54(b), SCRCP, on appeals in multiple cause of action cases; (2) whether one may appeal an intermediate judgment disposing of one cause of action after entry of final judgment in a case without also appealing the final judgment itself; and (3) whether a jury verdict against a plaintiff on a promissory estoppel claim collaterally estops the plaintiff's *Small v. Springs Industries, Inc.,*[1] breach of contract claim, or operates as *res judicata* to bar it.

---

[1] In *Small v. Springs Industries, Inc.,* 292 S.C. 481, 357 S.E. (2d) 452 (1987), this Court held that a jury can consider the employee handbook, along with other evidence, in deciding whether employer and employee had limiting agreement on employee's at-will employment status.

## FACTS

James Link brought this action against the School District of Pickens County (School District) arising out of his discharge from employment on September 10, 1985. Link initially brought causes of action for (1) breach of contract, (2) promissory estoppel, (3) outrage, and (4) invasion of privacy. In connection with his breach of contract and promissory estoppel claims, Link alleged, *inter alia*, that the employee handbook given him by the School District provided for a four-step procedure preceding termination, and that the School District failed to follow this procedure. The School District moved for summary judgment as to all of Link's causes of action. Link abandoned his invasion of privacy claim. Summary judgment was granted against Link on his breach of contract claim, and he did not immediately appeal this ruling. The case proceeded, and a directed verdict was granted against Link on his outrage claim. Finally, the jury returned a verdict against Link on his remaining claim of promissory estoppel.

Having now lost all of his causes of action, Link seeks to appeal from the intermediate summary judgment order which struck his breach of contract claim. The School District concedes that it was error for the trial court to rule against Link on this claim in light of *Small v. Springs Industries, Inc.*, 292 S.C. 481, 357 S.E. (2d) 452 (1987), and *Toth v. Square D Co.*, 298 S.C. 6, 377 S.E. (2d) 584 (1989). However, the School District contends that Link may not now appeal the summary judgment ruling, and that Link's breach of contract claim is barred by either *res judicata* or collateral estoppel.

## LAW/ANALYSIS

### I. *Effect of Failing to Immediately Appeal Order Granting Summary Judgment*

Link contends that, since the trial judge failed to certify the summary judgment ruling as final under Rule 54(b), SCRCP, he need not have immediately appealed the ruling. The School District argues that the summary judgment order is controlled by S.C. Code Ann. § 14-3-330(2) (1976), and must be immediately appealed. We hold that neither party is correct, and that Link's appeal is instead governed by S.C. Code Ann. § 14-3-330(1) (1976).

Rule 54(b), SCRCP, reads:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however, designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The process of directing entry of judgment on one or more but less than all claims under Rule 54(b) will be referred to as certification.

In *Lebovitz v. Mudd,* 289 S.C. 476, 347 S.E. (2d) 94 (1986), this Court held that an order which is immediately appealable by statute is not rendered unappealable because it has not been certified under Rule 54(b). In *Lebovitz,* the appellants wished to immediately appeal the granting of a 12(b)(6), SCRCP, motion to dismiss, which struck one of their causes of action. The respondents in *Lebovitz* countered that, since there had been no certification of the 12(b)(6) ruling as "final" by the trial judge, Rule 54(b) barred an immediate appeal. We held that such was not the case, since the appellants had a statutory right to immediately appeal.[2] This is the same conclusion reached by the federal courts under their Rule 54(b). 10 Wright, Miller & Kane, *Federal Practice and Procedure, Civil (2d),* § 2658 at pp. 71-72 (1983) (Rule 54(b) should not be construed to alter federal appellate jurisdiction or supersede

---

[2] Our research reveals that *Plaza Dev. Services v. Joe Harden Builder, Inc.,* 296 S.C. 115, 370 S.E. (2d) 893 (Ct. App. 1988), stands in complete conflict with *Lebovitz* on this point. *Plaza Dev. Services* is accordingly overruled to the extent it holds that one may not appeal the granting of a 12(b)(6) motion under § 14-3-330 if the ruling affects some but not all of a party's causes of action.

or modify the other means by which a party can secure a review of a trial court determination).

Accordingly, Link's argument that lack of certification prevented the grant of summary judgment from being immediately appealable is without merit.[3] Whether the grant of summary judgment was immediately appealable, and if so, the effect of failing to immediately appeal, are issues determined by § 14-3-330.[4]

Section 14-3-330(1) and (2) read as follows:

> The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal:
>
> (1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from;
>
> (2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleadings in any action.

---

[3] This Court has not had occasion to address the effect of granting a Rule 54(b) certification on appealability. Until the adoption of the South Carolina Rules of Civil Procedure, "final judgment" was a term of art denoting the disposition of *all* issues in the action. *Adickes v. Allison & Bratton*, 21 S.C. 245 (1884). This is the definition which has traditionally been applied to the term "final judgment" in § 14-3-330(1). Rule 54(b) certification purports to alter the definition of "final judgment" by allowing a final judgment to be entered on certain claims before disposition of the entire case. Until this Court determines whether granting certification mandates an immediate appeal, the safer course is to immediately appeal any order certified under Rule 54(b).

[4] Section 14-3-330 is not the only statute which may govern appealability, *e.g.*, S.C. Code Ann. § 14-11-85 (Supp. 1989) (direct appeals from masters), S.C. Code Ann. § 15-48-200 (Supp. 1989) (arbitration orders), S.C. Code Ann. § 1-23-390 (1986) (appeals under the Administrative Procedures Act). This case only involves the application of § 14-3-330.

The School District argues that the summary judgment ruling "strikes out . . . [a] pleading" and therefore is controlled by § 14-3-330(2). The School District then contends that all rulings controlled by § 14-3-330(2) must be immediately appealed. Implicit in the School District's contention is the idea that § 14-3-330(1) and (2) are exclusive provisions, and that a given ruling may not fall within the confines of both. We reject this argument.[5]

While we agree that the order granting summary judgment may be appealable under § 14-3-330(2)(c) because it has the effect of striking out a pleading, the order is also appealable under § 14-3-330(1) as "involving merits." *Nauful v. Milligan,* 258 S.C. 139, 187 S.E. (2d) 511 (1972); *Cf. Jefferson by Johnson v. Gene's Used Cars, Inc.,* 295 S.C. 317, 368 S.E. (2d) 456 (1988) (an order "involves the merits" when it finally determines "some substantial matter forming the whole or a part of some cause of action or defense . . ."). A summary judgment ruling, as well as a 12(b)(6) dismissal, fits within this *Jefferson* definition. Section 14-3-330(1) allows a party to wait until final judgment to appeal intermediate orders "necessarily affecting the judgment not before appealed from." We have long ago held that the phrase "necessarily affecting the judgment" has the equivalent meaning as the phrase "involving the merits," and that the legislature meant to use these phrases interchangeably. *Blakely & Copeland v. Frazier,* 11 S.C. 122 (1878). Hence, Link was entitled here, under § 14-3-330(1), to wait until final judgment to appeal the summary judgment ruling against him.

II. *Failure to Appeal the Final Judgment Itself*

The School District next argues that Link's appeal should be dismissed because he advanced arguments which concerned only the intermediate summary judgment order. Link made no arguments concerning his promissory estoppel claim, which was the classic "final judgment" in the case.

---

[5] We note that, for reasons of public policy, some rulings controlled by § 14-3-330(2) *must* be immediately appealed, or the right to review will be lost. *See, e.g., Creed v. Stokes,* 285 S.C. 542, 331 S.E. (2d) 351 (1985) (attempt to appeal, after final judgment, an order affecting the mode of trial).

Although the School District did not cite it for support, the case of *Huyler v. Kohn*, 156 S.C. 437, 153 S.E. 460 (1930), appears to buttress its contention. We overrule *Huyler*. A party may be sanctioned under Rule 11, SCRCP, for making frivolous arguments. The rule enunciated in *Huyler* and advanced by the School District places parties in a position where they *must* make an argument appealing an adverse final judgment in order to argue that an earlier intermediate judgment was erroneous. Under *Huyler*, Link would have had to make arguments supporting a reversal of the promissory estoppel judgment, regardless of how frivolous they may be. We hold that such arguments need not be made in order to contest an intermediate judgment or order under § 14-3-330(1).[6]

III. *Res Judicata and Collateral Estoppel Issue*

Having held that Link's appeal of the summary judgment order is timely, we now address the School District's argument that Link's breach of contract action is barred by *res judicata* or *collateral estoppel*.

Promissory estoppel and contract are separate and distinct causes of action. *Duke Power Co. v. South Carolina Public Service Com'n*, 284 S.C. 81, 326 S.E. (2d) 395 (1985). Accordingly, the School District's argument that a general verdict on the promissory estoppel cause of action precludes the contract action is without merit.

Accordingly, we reverse the judgment of the lower court and remand the case for a new trial as to Link's breach of contract action.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.

---

[6] We note that the Court of Appeals relied on *Huyler* in its recent decision of *Edens v. Fisher*, 298 S.C. 249, 379 S.E. (2d) 729 (Ct. App. 1989). *Edens* involved an appellant attempting to appeal, after final judgment, a mode of trial order. The result in *Edens* is thus controlled by our more salient ruling in *Creed v. Stokes*, 285 S.C. 542, 331 S.E. (2d) 351 (1985).