EDWARD H. GILLESPIE *vs.* COMMERCIAL MUTUAL MARINE INSURANCE COMPANY.

Under a statute of another state, which provides that in actions upon policies issued there by foreign insurance companies, service of the writ may be made upon the agent of the company there, or the person, being an inhabitant of that state, who issued the policy, service in that state upon the person who issued such a policy there, if still an inhabitant of that state, though no longer an agent of the company, will give the courts of that state jurisdiction of such an action; and a judgment obtained against the company there may be enforced in this commonwealth.

ACTION OF CONTRACT upon a judgment of the supreme court of the State of Maine. Trial before *Merrick*, J., by whom the question whether that court had sufficient jurisdiction of the action in which that judgment was rendered, to enable this action to be maintained, was reserved, after verdict for the plaintiff, for the judgment of the whole court upon the following facts :

The defendants are a corporation established and organized under the laws of this commonwealth, having their place of business in Boston. Edwin A. Norton of Portland, in Maine, was duly appointed by them their agent to transact certain portions of their business at that place. The policy declared on in that action was issued and countersigned by him as their agent, in conformity with the usual course of business, and the defendants' instructions. After his agency had been revoked, but while he continued to reside at Portland, the writ in that action was served upon him as required by the statute of that state of 1846, *c.* 186, by leaving an attested copy at his last and usual place of abode in Portland; and this was the only service made upon the defendants; but Norton, immediately after receiving the copy of the writ, informed the defendants in writing of the fact.

*J. L. English*, for the plaintiff.

*H. Jewell*, for the defendants, cited *Gleason* v. *Dodd*, 4 Met. 333; *Ewer* v. *Coffin*, 1 Cush. 23; *Danforth* v. *Penny*, 3 Met. 564.

METCALF, J. The question in this case is, whether the defendants had legal notice of the action against them, in which the judgment now in suit was rendered by the supreme court of

Maine. If they had, the judgment must have the same faith and credit here' which it has in Maine, and the plaintiff is entitled to recover in this action. If they had not, this action cannot be maintained. *Bissell* v. *Briggs*, 9 Mass. 462. *Gleason* v. *Dodd*, 4 Met. 333. *Rogers* v. *Coleman*, Hardin, 413. *Moulin* v. *Trenton Mutual Life & Fire Ins. Co.* 4 Zab. 222. *D'Arcy* v. *Ketchum*, 11 How. 165.

We are of opinion that the defendants had legal notice of the action brought against them in Maine, and that the court in that state had jurisdiction of the parties to that action. The statute of Maine (*St.* 1846, *c.* 186) is in these terms: " In any action against any insurance company established in any other state or country, by an inhabitant of this state, on any policy of insurance made by or countersigned by any agent in this state, on property, life or lives, within this state, a summons in usual form, or copy of the writ and declaration, delivered to the agent or attorney of such company, within this state, or left at his last and usual place, thirty days before the sitting of the court to which the same is returnable, shall be deemed a sufficient service thereof; or if such service shall be made upon the person, being an inhabitant of this state, who signed or countersigned the policy on which such action is founded, it shall be deemed a sufficient service."

The service, in the action in which the judgment now in suit was rendered, was made on the agent who countersigned the policy, and who, at the time of the service, was an inhabitant of Maine. It was therefore " a sufficient service," by the express terms of the statute, and we have no doubt of the validity of that statute. A case not distinguishable from this recently came before the supreme court of the United States. It was an action of debt on a judgment rendered by a court in Ohio against an insurance company established in Indiana, in a suit on a policy which insured property in Ohio that was owned by a citizen of that state. The service on the company, in the action brought against it in Ohio, was upon its agent, resident there, who issued the policy. By a statute of Ohio, provision was made that in suits against a foreign insur-

ance company, founded on a contract of insurance made in Ohio with citizens of that state, service of process on the company's agent, resident there, should be as effectual as if the same were served on the principal. The court said, " We find nothing in this provision either unreasonable in itself, or in conflict with any principle of public law. It cannot be deemed unreasonable that the State of Ohio should endeavor to secure to its citizens a remedy in their domestic forum, upon this important class of contracts made and to be performed within that state, and fully subject to its laws ; nor that proper means should be used to compel foreign corporations, transacting this business of insurance within the State, for their benefit and profit, to answer there for the breach of their contracts of insurance there made and to be performed." *Lafayette Ins. Co.* v. *French*, 18 How. 407. *Judgment on the verdict.*