**Leathem Smith STEARN, Plaintiff,**

v.

**Patrick E. MALLOY, III et al., Defendants.**

**No. 80–C–110.**

United States District Court, E. D. Wisconsin.

Feb. 19, 1981.

Paul L. Jonjak, Jonjak & Stearn, Sturgeon Bay, Wis., for plaintiff.

Robert A. DuPuy, Foley & Lardner, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the motion of one of the defendants, William Esseks, to dismiss for insufficiency of service of process and for lack of jurisdiction over the person. The motion will be denied.

Mr. Esseks claims that there is an insufficiency of process here. This action was filed on February 7, 1980. In a letter dated July 24, 1980, I informed the plaintiff that the court's records did not reveal that service had yet been made on Mr. Esseks. I advised the plaintiff that if service was not effected within twenty days of the date of that letter, the action "might be dismissed" as to Mr. Esseks for lack of prosecution. Mr. Esseks was served on August 22, 1980, eight days after the deadline established in the July 24th letter.

Mr. Esseks now argues that such service was not timely and does not represent diligent prosecution. The tardy service on Mr. Esseks has had no prejudicial effect upon him. There is no rule of law which expressly mandates dismissal under these circumstances. As a matter of discretion, I am not persuaded that the delay of eight days is sufficient to warrant dismissal of the action against Mr. Esseks.

Mr. Esseks also contends that this court lacks personal jurisdiction over him. This action arose out of the business affairs of the plaintiff and another defendant, Patrick E. Malloy, III. The plaintiff alleges that he was the owner of a corporation known as Stearn Sailing Systems, Inc. (SSS). The plaintiff entered into an arrangement with Mr. Malloy to expand the operations of the business. A new corporate structure was established, and Mr. Malloy assumed an ownership position in it.

Mr. Stearn and Mr. Malloy created two new corporations. Stearn Sailing Systems International, Inc. (SSSI) was incorporated in Nevada and became the sole owner of SSS. The plaintiff and Mr. Malloy shared in the ownership of SSSI. The second corporation was incorporated in California and was also owned by SSSI. SSS remained incorporated under the laws of Wisconsin. Mr. Esseks was Mr. Malloy's nominee as director of these corporations.

When this motion was filed, the record was ambiguous regarding which corporations Mr. Esseks served as director. To remedy this ambiguity, I sent a letter to the parties dated January 6, 1981, requesting them to submit responses regarding that question. The plaintiff's counsel filed an affidavit, attached to which was a copy of the shareholder agreement involving the relevant corporations. This affidavit estab-

lishes that Mr. Esseks served as the director of all three corporations, including the Wisconsin corporation, SSS. Mr. Esseks' counsel acknowledged that the affidavit of the plaintiff's counsel is accurate.

The question of what corporations Mr. Esseks served as director is important because the plaintiff has asserted that this court has personal jurisdiction over Mr. Esseks by virtue of Wis.Stat. § 801.05(8). Section 801.05(8) is a subsection of the Wisconsin long-arm statute and provides for personal jurisdiction:

> "In any action against a defendant who is or was an officer or director of a domestic corporation when the action arises out of the defendant's conduct as an officer or director or out of the activities of such corporation while the defendant held office as a director or officer."

Mr. Esseks argues that section 801.-05(8) is not applicable because the allegations of the complaint do not relate to his conduct as a director or officer of the Wisconsin corporation. Paragraph 16 of the complaint alleges that Mr. Esseks, Mr. Malloy, and a third person conspired to carry out several acts detrimental to the corporation. These allegations must be treated as true for the purposes of this motion. While paragraph 16 makes reference primarily to SSSI, SSS was a wholly-owned subsidiary of SSSI and would presumably be adversely affected by the actions of the conspiracy against SSSI. Mr. Esseks' contention that the allegations refer to conduct outside the scope of his directorship is not impressive. On the contrary, the complaint alleges abuse of the directorships held by Mr. Esseks.

Mr. Esseks also argues that the exercise of jurisdiction over him would violate due process. He has filed affidavits stating that he did not transact business with the corporation in Wisconsin, and that no directors' meetings were held in Wisconsin during his tenure. He also avers that he is a member of the New York bar, that he is not a member of the Wisconsin bar nor has he ever practiced law in Wisconsin, that he has never transacted business in Wisconsin, and that he has never owned property in Wisconsin. Thus he argues that since his only contact with Wisconsin was his appointment as a director of a Wisconsin corporation, it would violate due process to exercise jurisdiction over him.

Mr. Esseks voluntarily became a director of the Wisconsin corporation. There is no question that Wisconsin has a substantial interest in ensuring that corporations incorporated under its laws conduct their affairs in accordance with Wisconsin's laws. Section 801.05(8) furthers that goal by providing personal jurisdiction over the officers and directors of Wisconsin corporations in actions relating to their conduct in such positions. This does not offend the due process standards of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is true that Mr. Esseks' contacts with Wisconsin are otherwise minimal, but this is no bar to the assertion of jurisdiction where the state's interest in providing a forum is strong. *See McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957).

Mr. Esseks places great reliance on *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 58 L.Ed.2d 688 (1977). In *Shaffer*, the Court rejected the argument that acceptance of directorships with a Delaware corporation was sufficient to confer jurisdiction over the defendants in the absence of any other contacts with Delaware. *Shaffer, supra* pp. 215–16, 97 S.Ct. pp. 2585–86. However, Justice Marshall expressly stated: "Delaware, unlike some States, has not enacted a statute that treats acceptance of a directorship as consent to jurisdiction in the State." *Shaffer, supra* p. 216, 97 S.Ct. p. 2586 (footnote omitted). In my opinion, *Shaffer* is distinguishable from the situation at bar, since Wisconsin has enacted such a statute.

Also non-determinative are the holdings in *Lakeside Bridge & Steel Co. v. Mountain State Construction Co.*, 597 F.2d 596 (7th Cir. 1979); and *Wisconsin Electrical Mfg. Co. v. Pennant Products, Inc.*, 619 F.2d 676 (7th Cir. 1980). These cases deal with the

question of what constitutes sufficient contacts with the forum state to assert personal jurisdiction, but neither addresses the issue presented at bar, where jurisdiction is asserted by virtue of the assumption of the directorship of a corporation incorporated in the forum state.

In *Shaffer*, the Court noted that South Carolina was one state that had enacted a statute which treated acceptance of a corporate directorship as consent to jurisdiction in South Carolina. *Shaffer, supra*, 433 U.S. p. 216, n.47, 97 S.Ct. p. 2586 n.47. An earlier version of that statute was found not to offend the due process concept embodied in *International Shoe*. *Wagenberg v. Charleston Wood Products, Inc.*, 122 F.Supp. 745 (E.D.S.C.1954). After the Court's holding in *Shaffer*, Delaware enacted a statute similar to those discussed here. The Delaware supreme court has recently upheld the application of that statute to nonresident directors of a Delaware corporation who had no contacts with Delaware other than their directorships. *Armstrong v. Pomerance*, No. 267 and 271, 423 Del. 174 (1980). I reject Mr. Esseks' contention that section 801.05(8) is unconstitutional.

Therefore, IT IS ORDERED that the motion of the defendant William Esseks to dismiss be and hereby is denied.