615 S.E.2d 437

James M. WETZEL and Shirley G. Wetzel, Appellants,

v.

WOODSIDE DEVELOPMENT LIMITED PARTNERSHIP, WSC Corp., Woodside Venture, LLC, and Richard B. Steele, Defendants,

of whom Richard B. Steele is the, Respondent.

No. 25999.

Supreme Court of South Carolina.

Heard March 3, 2005.

Decided June 6, 2005.

Rehearing Denied July 21, 2005.

590

James M. Wetzel and Shirley G. Wetzel, of Aiken, pro se.

James J. Corbett, of Holler, Dennis, Corbett, Ormond, Plante & Garner, of Columbia, for respondent.

Justice MOORE:

Appellants, James and Shirley Wetzel (hereinafter collectively referred to as Wetzel), appeal the circuit court's order quashing Wetzel's affidavit and motion alleging default by respondent, Richard B. Steele (Steele). This matter was certified from the Court of Appeals pursuant to Rule 204(b), SCACR.

## PROCEDURAL FACTS

On April 4, 2003, appellants brought an action alleging unfair trade practices against Woodside Development Limited Partnership, a real estate developer; WSC Corporation, the Partnership's managing partner; Woodside Ventures, LLC, the house builder; and Steele, the individual alleged to be the alter ego of the named businesses. The deceptive act alleged by Wetzel was that an undisclosed kickback fee, in the amount of $17,370, was charged to Wetzel. This kickback fee was to be paid by the house builder to the developer; however, the

house builder charged the fee to Wetzel, although it was not known to or authorized by Wetzel.

Wetzel properly served the corporate defendants; however, Steele, who is a citizen and resident of Massachusetts, alleged he was not properly served. As a result of the alleged improper service, Steele did not answer the complaint. Wetzel filed a motion for judgment by default against Steele. Thereafter, Steele moved to quash Wetzel's affidavit of default on the ground of insufficient service of the complaint. The circuit court granted Steele's motion and found Steele had not been properly served pursuant to Rule 4, SCRCP.

## ISSUES

I.  Should Wetzel's appeal be dismissed because it is interlocutory and therefore unappealable?

II.  Did the circuit court err by finding S.C.Code Ann. § 15–9–430 (2005) inapplicable to service of process on Steele?

## DISCUSSION

### I

■ As an initial matter, Steele argues this appeal should be dismissed because the circuit court's order finding service on Steele to be improper is an interlocutory order that is not immediately appealable. The basis for Steele's argument is that the court's order was an order granting a motion to set aside the entry of default pursuant to Rule 55(c), SCRCP.

■ Normally, an order granting a motion to set aside an entry of default is not immediately appealable. *Jefferson by Johnson v. Gene's Used Cars, Inc.*, 295 S.C. 317, 368 S.E.2d 456 (1988) (grant or denial of Rule 55(c) motion to set aside entry of default is not directly appealable). Here, however, the effect of granting the motion and holding that Steele has not been properly served is equivalent to granting a motion to dismiss under Rule 12(b)(5), SCRCP, since it ends the action as to Steele.[1] Therefore, it is immediately appealable.[2] *Lebo-*

---

1.  Wetzel apparently recognizes this fact and argues that, because Steele's motion to quash the affidavit of default was actually a Rule

*vitz v. Mudd*, 289 S.C. 476, 347 S.E.2d 94 (1986) (grant of a partial motion to dismiss); *Murphy v. Owens–Corning Fiberglas Corp.*, 346 S.C. 37, 550 S.E.2d 589 (Ct.App.2001), *overruled on other grounds by Farmer v. Monsanto Corp.*, 353 S.C. 553, 579 S.E.2d 325 (2003) (grant of motion to dismiss as to some but not all of the parties is immediately appealable).

## II

■ Wetzel argues the circuit court erred by finding S.C.Code Ann. § 15–9–430 (2005) inapplicable to service of process on Steele.

On April 4, 2003, Wetzel filed the summons and complaint. That same day, Wetzel, pursuant to S.C.Code Ann. § 15–9–430 (2005), sent two copies of the summons and complaint to the Secretary of State with a request that a copy be sent to Steele. The Secretary of State accepted the summons and complaint and sent a copy to Steele at the given address by certified mail with a return receipt requested. On April 21, 2003, the summons and complaint were received at Steele's address and signed for by Donna O'Brien, an employee at the address. Steele did not file an answer.

---

12(b)(5), SCRCP, motion to dismiss for insufficient service of process, the motion was not timely filed. This argument is not preserved for review because it was not ruled on by the circuit court. *See Townsend v. City of Dillon*, 326 S.C. 244, 486 S.E.2d 95 (1997) (issue not ruled on by trial judge is not preserved for review).

**2.** Wetzel argues the circuit court erred by quashing the entry of default against Steele because the default judgment has been ministerially entered and cannot be set aside. Rule 55(a), SCRCP, states that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that fact is made to appear by affidavit or otherwise, the clerk shall enter default upon the calendar. However, while a clerk may make an *entry* of default, a judge is required to enter a default *judgment*. Rule 55(b)(1), SCRCP. Specifically, the notes to the rule state that a clerk does not have authority to enter default *judgments* and that only a judge may enter a default judgment. *See also Beckham v. Durant*, 300 S.C. 329, 331, n. 2, 387 S.E.2d 701, 703, n. 2 (Ct.App.1989) ("The entry of default is an official recognition of the failure to appear or otherwise respond, but it is not a judgment by default. Judgment by default is not properly entered until damages are determined."). Therefore, given that a judge has not entered a default *judgment* in this matter, Wetzel's argument is without merit.

The circuit court granted Steele's motion to quash the affidavit of default on the basis there was insufficient service upon Steele as an individual. The court found that, pursuant to Rule 4(d)(8), SCRCP, the attempted service must be sent with delivery restricted to the addressee and that it must be signed for by the addressee. The court disagreed that service was effective pursuant to § 15–9–430 because, the summons and complaint were mailed to the partnership, not a corporate defendant for which Steele is a director. The court found § 15–9–430 inapplicable to service of process upon an individual, as an individual.

Rule 4(d)(8), SCRCP, provides that service upon an individual may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), by registered or certified mail, return receipt requested and delivery restricted to the addressee. Rule 4(d) further provides that this service shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant. If Rule 4(d)(8) were applicable, as the circuit court found, then the service upon Steele would be insufficient because delivery was not restricted to the addressee, *i.e.* Steele. However, the circuit court erred by finding Rule 4(d)(8) applicable. Instead, Rule 4(e), SCRCP, is the appropriate rule. Rule 4(e) states:

> Whenever a statute ... provides for service of a summons and complaint ... upon a party not an inhabitant of or found within the State, service shall be made under the circumstances and in the manner prescribed by the statute. . . .

Such a statute exists in this situation. Section 15–9–430 provides the procedure for the service of process on a nonresident director of a domestic corporation. Section 15–9–430 states:

> (a) Each director of a domestic business corporation who is a nonresident of this State at the time of his election or who becomes a nonresident during his term in office, shall ... be deemed to have appointed the Secretary of State as an agent to receive service of process upon him in any action or proceeding relating to actions of such corporation

and arising while he held office as director of such corporation.

(b) Service of such process shall be made by delivering to and leaving with the Secretary of State, . . . duplicate copies of such process. The Secretary of State shall thereupon immediately cause one of such copies to be forwarded to the nonresident director by certified mail. Proof of service shall be by affidavit of compliance with this section filed, together with a copy of the process, with the clerk of court in which the action or proceeding is pending.

. . .

(e) . . . Delivery of copies of service as required in subsections (b) and (c) to the nonresident director must be made by delivering the copy to the most recent address on file with the company's most current annual report or any more current interim report which has been filed with the Secretary of State pursuant to this subsection. . . .

Wetzel's service upon Steele complied with this statute and, therefore, service is sufficient. The fact that someone other than Steele signed for the documents is of no consequence because, unlike Rule 4(d)(8), § 15–9–430 does not require that the documents be delivered directly to the addressee. *See also Wagenberg v. Charleston Wood Prods., Inc.*, 122 F.Supp. 745 (E.D.S.C.1954) (not necessary that process be delivered personally to defendant; may be left at defendant's residence with person of discretion or with person employed at defendant's place of business).[3]

█ Further, the circuit court erred by finding service was not effective pursuant to § 15–9–430 because the summons and complaint were mailed to the partnership and not to a corporate defendant for which Steele is a director. There is no requirement in the statute that the service be mailed to the corporation's address. The statute states only that the copies must be delivered or mailed to a nonresident director at his

---

3. *Wagenberg* was decided under the former service upon a nonresident director statute; however, the statute was similarly stated on this point. S.C.Code Ann. § 10–432.1 (1952) stated: "... Secretary of State shall forthwith forward one copy of such summons and complaint to the nonresident director at the last address filed with the Secretary of State as provided in the Code."

most recent address on file. To find otherwise, would expand the statute's operation. *Rowe v. Hyatt,* 321 S.C. 366, 468 S.E.2d 649 (1996) (in interpreting statute, words must be given plain and ordinary meaning without resorting to subtle or forced construction to limit or expand statute's operation). Therefore, the circuit court erred by finding § 15–9–430 inapplicable on this ground.

Accordingly, the circuit court erred by finding the service of process on Steele was insufficient.

## CONCLUSION

We find the order granting Steele's motion is immediately appealable and that the circuit court erred by finding insufficient service of process. Therefore, the decision of the circuit court is

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.