**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Willie Preston, individually and as the Personal Representative of the Estate of Martha Preston, Deceased, Appellant,

v.

Surgical Care Affiliates, LLC; Charleston Surgery Center, L.P.; Laura Bilancione, R.N.; Coastal Anesthesia Associates; and Christine Thompson, M.D., Defendants,

Of whom Coastal Anesthesia Associates is the Respondent.

Appellate Case No. 2014-000252

―――――――――

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-421
Submitted June 1, 2015 – Filed August 12, 2015

―――――――――

**DISMISSED**

―――――――――

John Hughes Cooper, of John Hughes Cooper, PC, of Mount Pleasant; Chad Alan McGowan and Ashley White Creech, both of McGowan Hood & Felder, LLC, of Rock

Hill; and Whitney Boykin Harrison, of McGowan Hood & Felder, LLC, of Columbia, for Appellant.

James Bernard Hood and A. Walker Barnes, both of Hood Law Firm, LLC, of Charleston; and Deborah Harrison Sheffield, of Columbia, for Respondent.

**PER CURIAM:** Willie Preston, individually and as the personal representative of the Estate of Martha Preston, appeals the circuit court's order granting Coastal Anesthesia Associates' (Coastal's) motion to set aside the entry of default.

We dismiss this case as not immediately appealable because the circuit court's order setting aside the entry of default does not have the effect of dismissing Coastal as a party and the action has not ended as to Coastal. *See Wetzel v. Woodside Dev. Ltd. P'ship*, 364 S.C. 589, 592, 615 S.E.2d 437, 438 (2005) ("Normally, an order granting a motion to set aside an entry of default is not immediately appealable."). Here, as in *Wetzel*, the circuit court's order set aside the entry of default and found Preston's service of process on Coastal was insufficient. *Id.* at 592, 615 S.E.2d at 438. However, the circuit court gave Coastal "[thirty] days upon proper service of the [s]ummons and [c]omplaint to [a]nswer or otherwise responsively plead to the [c]omplaint." Therefore, unlike the order in *Wetzel*, the circuit court's order here did not dismiss Coastal, but merely set aside the entry of default and gave Coastal an opportunity to answer a properly served summons and complaint. As a result, the circuit court's order is not immediately appealable.

**DISMISSED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.