### 21052

D. W. NANCE, Jr., as Administrator of the Estate of Shawn Ellen Nance, Respondent, v. NATIONWIDE INSURANCE COMPANY, Appellant.

(258 S. E. (2d) 105)

*Pledger M. Bishop, Jr.* of *Buist, Moore, Smythe & McGee,* Charleston, *for appellant.*

*A. Elliott Barrow, Jr.,* Charleston, *for respondent.*

September 6, 1979.

*Per Curiam:*

This is an appeal from an order denying a demurrer to plaintiff's complaint on the asserted ground that it failed to state a cause of action for wrongful death. The school bus, which is alleged to have caused the death of the plaintiff's intestate, was owned by the state Department of Education and was insured by Nationwide Insurance Company. We dismiss on procedural grounds.

This action for wrongful death was brought pursuant to South Carolina Code Section 59-67-710(1)(b) (1976). Nationwide was the sole defendant named in the complaint. Nationwide interposed two demurrers, both being disposed of by the trial judge in the same order.

The first demurrer alleged that plaintiff was entitled to recover, if at all, only under statutory coverage for lawful occupants of a school bus in accordance with South Carolina Code Section 59-67-710(1)(a) (1976), and not under South Carolina Code Section 59-67-710(1)(b) (1976) as alleged in the complaint.

The second demurrer alleged that Nationwide was not a proper defendant in that South Carolina Code Section 59-67-750 (1976), authorizing a direct action against an insurance carrier of a school bus, had been repealed prior to the institution of this suit.

The circuit court denied the first demurrer, but sustained the second. The lower court held that the repeal of South Carolina Code Section 59-67-750 (1976) required plaintiff to sue a defendant other than Nationwide and in accordance therewith directed plaintiff to name another defendant if he desired to proceed. Nationwide appealed the denial of the first demurrer. No appeal was taken from the holding on the second demurrer, which dismissed Nationwide from the suit.

As a general rule, a party as to whom an action has been dismissed is ordinarily not aggrieved by the judgment or decree subsequently rendered therein, and for that reason, as well as because he is no longer a party, he cannot appeal the judgment. 4 C. J. S., Appeal and Error, § 183(1). "An appeal filed by one who has ceased to be a party to a suit is a mere nullity." *United States Fire Insurance Co. v. Farris,* 146 Ga. App. 177, 245 S. E. (2d) 868, 870. As no appeal was taken from the ruling on appellant's second demurrer dismissing it as a party, it no longer has the capacity to continue this action. The lack of capacity to continue renders the appeal on the first demurrer academic and moot. *Johnson v. Brandon Corp.,* 221 S. C. 160, 69 S. E. (2d) 594 (1952). The appeal is therefore dismissed.

Appeal dismissed.