In re **HARBORVIEW DEVELOPMENT 1986 LIMITED PARTNERSHIP,** Debtor in Chapter 11.

Civ. A. No. 2:92–0775–18.
Bankruptcy No. 91–01176.

United States District Court, D. South Carolina, Charleston Division.

Jan. 6, 1993.

R. Michael Drose, N. Charleston, SC, Morris Ellison, Charleston, SC, for plaintiff.

Allan R. Holmes, Charleston, SC, for defendant.

## ORDER

NORTON, District Judge.

This matter is before the court on Provident National Assurance Company's and the trustee's, R. Michael Drose, (hereinafter, collectively the "appellees") motion to dismiss the appeal of Carroll Foods, Inc. (hereinafter "CFI").

## I. BACKGROUND

A. Provident National Assurance Company (hereinafter "Provident") commenced a mortgage foreclosure case in the South Carolina State Court of Common Pleas in Charleston County on February 19, 1991, seeking to foreclose on a non-recourse mortgage executed by Harborview Development 1986 Limited Partnership (hereinafter "Harborview" or "debtor") encumbering a certain parcel of property (hereinafter the "Property").

B. On February 26, 1991, Harborview filed a Petition under Chapter 11 of the United States Bankruptcy Code which stayed the mortgage foreclosure case under applicable federal bankruptcy law.

C. On September 12, 1991, the Bankruptcy Court ordered that a trustee be appointed for Harborview. Pursuant to this order, Michael Drose (hereinafter the "Trustee") was appointed as Chapter 11 Trustee of Harborview.

D. On October 9, 1991, the Trustee filed a motion with the Bankruptcy Court seeking the rejection and termination of CFI's unexpired lease with Harborview. CFI had previously sub-leased the subject premises to Apple South, Inc. (hereinafter "Apple South").

E. On November 12, 1991, the Bankruptcy Court, upon recommendation of the Trustee, ordered that the automatic stay be lifted to allow Provident to complete the mortgage foreclosure case.

F. On January 31, 1992, the Bankruptcy Court ordered the rejection and termination of CFI's lease.

G. On February 4, 1992, CFI filed a motion with the Bankruptcy Court seeking stay of the order rejecting and terminating the CFI lease. This motion was denied by the Bankruptcy Court on February 11, 1992.

H. On February 5, 1992, CFI appealed the January 31st Bankruptcy Court order.

I. During the mortgage foreclosure case and subsequent to the Bankruptcy Court's order of January 31, Provident moved the state court to dismiss CFI as a party. The Honorable William L. Howard, Sr. found that the complaint in the mortgage foreclosure case showed that CFI was named as a defendant in that action solely because CFI was, at the time the mortgage foreclosure case was commenced, a tenant of the property. Judge Howard found the Bankruptcy Court order of January 31, holding that CFI no longer had an interest in the Property, to be a final determination for purposes of the state foreclosure action. Judge Howard stated in his order: "This Court must enforce the final determi-

nation of the Bankruptcy Court and dismiss CFI as a party." J. Howard's Order, p. 8. Citing *In re Monson*, 87 B.R. 577, 587 (Bankr.W.D.Mo.1988), Judge Howard stated that "[t]he law is clear that, unless a stay pending appeal is granted, the filing of an appeal of the Bankruptcy Court's order has no effect on the finality and enforceability of the order." J. Howard's Order, p. 8. Thus, by order of Judge Howard dated June 15, 1992, CFI was dismissed as a party to the state mortgage foreclosure action. Furthermore, Judge Howard held that the mortgage foreclosure case should be referred to the Master-in-Equity for Charleston County with finality, with any appeal lying to the Supreme Court of the State of South Carolina.

J. The Master's Report and Final Decree was filed on October 18, 1992. Paragraph 28 of that report noted that CFI was dismissed as a party to the mortgage foreclosure action.

K. On November 2, 1992, CFI filed a motion to alter or amend the October 18th judgment of the Master-in-Equity and any predicate orders, as follows:

1) By deleting the last sentence of paragraph 29 [1] of the Report and Final Decree and replacing it with the following sentence: "While CFI's appeal of the Bankruptcy Court's Order remains pending in the United States District Court, the Court grants the plaintiff's motion to dismiss CFI to this foreclosure proceeding. CFI's contention that it is entitled to exercise its possession of a leasehold interest pursuant to 11 U.S.C. § 365(h) is a question exclusively of federal bankruptcy law which remains pending before the United States District Court. Such an interest of a leaseholder is not properly adjudicated in a State Court foreclosure proceeding.

2) By deleting the last sentence in paragraph 28 of the Report and Final Decree.

L. In the absence of an order precluding the enforcement of the Bankruptcy Court order of January 31, the Trustee took steps to enter into a new lease with Apple South,[2] covering the same premises that had been subject to the debtor-CFI lease which was rejected by the Bankruptcy Court order. Believing that the relief sought by CFI on appeal to this court has now been mooted, the appellees have moved this court to dismiss CFI's appeal.

## II. ANALYSIS

Appellees urge two grounds in support of their motion to dismiss CFI's appeal of the Bankruptcy Court's order. These two grounds are: (1) issue preclusion estops CFI from pursuing an appeal of the Bankruptcy Court order rejecting and terminating the CFI lease; and (2) CFI's appeal is rendered moot by an intervening event, namely that the Trustee and Apple South have entered into a new lease agreement. Both grounds are addressed below.

### A. Issue Preclusion

■ The appellees assert that the doctrine of collateral estoppel (issue preclusion) should be applied to prevent the hearing of the merits of this appeal. The apparent basis for this argument is that the state court order issued by the Judge Howard on June 15, 1992 treated the Bankruptcy Court's order, which was on appeal to this Court, as final in deciding to dismiss CFI as a party from that state foreclosure action. For the reasons discussed below, the appellees' argument that issue preclusion should deny the appellant the right to have the Bankruptcy Court's order reviewed by this court must fail.

■ Collateral estoppel will apply to bar the relitigation of an issue which was actually litigated and necessary to the outcome of a prior lawsuit. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). In the context of bankruptcy matters, the distinct elements required to be shown in order for collateral estoppel to apply are:

---

1. Presumably, CFI meant paragraph 28 since that is the correct paragraph referencing CFI as a dismissed party to the state mortgage foreclosure action.

2. Apple South was previously the tenant of CFI under a sub-lease of the Property.

(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.

*In re Gibbs,* 107 B.R. 492 (Bankr.D.N.J. 1989). Although fervently attempted, the appellees cannot show that these requirements have been met.

This court agrees with CFI that there exists no final state court order upon which the appellees can base their argument. The June 15th order was an intermediate order which referred the case "with finality to the Master-in-Equity for Charleston County with authority to make findings of facts and conclusions of law and that any appeal from the order of the Master-in-Equity will rest with the Supreme Court of the State of South Carolina." J. Howard's Order, p. 26. Subsequently, the "Master's Report and Final Decree" was issued on October 18, 1992. CFI has moved, pursuant to S.C.R.C.P. 54 and 59, to alter or amend the Master's Report and Final Decree and any predicate orders made in that state court foreclosure proceeding. Having thus moved, CFI asserts, and this court agrees, that neither the Master's Report nor the prior June 15, 1992 order are "final" for collateral estoppel purposes with regard to this appeal.

The critical issue before this court on deciding whether to dismiss the present appeal is whether CFI lost its ability to challenge the Master's Report because it did not immediately appeal the June 15th order.[3] *Link v. School Dist. of Pickens County,* 302 S.C. 1, 393 S.E.2d 176 (1990), is directly on point. The effect of failing to immediately appeal is an issue determined by S.C.Code Ann. § 14–3–330 (Law.Co-op. 1976 as amended). The applicable subsections are § 14–3–330(1) and § 14–3–330(2), which state:

The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal:

(1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from;

(2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleadings in any action.

S.C.Code Ann. § 14–3–330(1) & (2) (Law.Co-op.1976 as amended).

In the state court action, § 14–3–330(2) is arguably applicable to the June 15th order; however, § 14–3–330(1) is also applicable since the order involved the merits. *See Link,* 393 S.E.2d at 179, citing *Jefferson by Johnson v. Gene's Used Cars, Inc.,* 295 S.C. 317, 368 S.E.2d 456 (1988) ("an order 'involves the merits' when it finally determines 'some substantial matter forming the whole or a part of some cause of action or defense....'"). Sections 14–3–330(1) and 14–3–330(2) are not exclusive. *Link,* 393 S.E.2d at 179. According to *Link,* "[s]ection 14–3–330(1) allows a party to wait until final judgment to appeal intermediate orders necessarily affecting the judgment not before appealed from." *Id.*

Based on the above, CFI remains entitled to challenge both the Master's Report and the prior June 15th order. CFI has, at present, filed a motion to amend or alter the Master's Report. Thereafter, CFI has

---

**3.** If CFI lost its ability to challenge the order by not immediately appealing its dismissal, then appellees contend that this court must, because of federalism and comity, respect the state court's dismissal of CFI; thus, rendering this appeal a nullity.

the right to appeal to the South Carolina Supreme Court.[4] Simply stated, there is no final state court judgment at the present date on which to base an "issue preclusion" argument.[5] Having concluded that appellees fail to meet the finality requirement of issue preclusion, this court finds it unnecessary to discuss the other elements of issue preclusion.

## B. Mootness of the Appeal

■ In applying the mootness doctrine to bankruptcy appeals, the appropriate question for a court to ask is whether effective relief is available to an appellant given the post-order events. *Central States, Southeast and Southwest Areas Pension Fund v. Central Transp., Inc.*, 841 F.2d 92 (4th Cir.1988). Specifically, the court in *Central States* stated:

> [W]hen, pending appeal, an event occurs, without the fault of the defendant, that makes it impossible for the court to grant effective relief to the plaintiff, should the plaintiff prevail on the merits, the appeal should be dismissed and the court should not proceed to judgment. It is the duty of a court to render a judgment in an actual controversy within its jurisdiction and in the presence of proper parties, but a court should not render an opinion in a dispute if the court is without the power to afford effective relief.

*Id.* at 95–96.

■ The appellees contend that the alleged execution of a new lease between Apple South and the Trustee prevents this court from giving CFI any effective relief.

Appellees cite *In re Combined Metals Reduction Co.*, 557 F.2d 179 (9th Cir.1977), among other cases, to support their position. In *Combined Metals*, the trustee brought a motion to dismiss an appeal on the ground of mootness. The basis for the trustee's motion was that the trustee had taken irreversible steps consisting of sales, leases, options, and other transactions of a similar character during the pendency of the appeal. Thus, the trustee argued that the court could not render any effective relief to the appellant, such as a reacquisition of the property by the trustee or a restoration of the property to the appellant. The court concluded:

> [T]he practical necessities involved in a successful reorganization require that unless an order of the bankruptcy judge or the district judge is stayed pending appeal, the trustee's acts in accordance with that order should not thereafter be subject to reversal, even if the order is subsequently overturned on appeal.

*Id.* at 189.[6] The case further cited the Fourth Circuit in *In re Abingdon Realty Corp.*, 530 F.2d 588, 589 (4th Cir.1976), stating:

> It is settled law that the filing of a petition to review an order of a bankruptcy judge ... does not stay the effect or operation of the order unless a supersedeas bond is filed or the order itself provides for a stay.

*Id.* at 188.

The order of the Bankruptcy Court permitted the Trustee to reject, under 11

---

**4.** The June 15th order referred the case to the Master-in-Equity, with any appeal thereafter to be filed in the South Carolina Supreme Court.

**5.** Appellees quote *Nance v. Nationwide Ins. Co.*, 273 S.C. 617, 258 S.E.2d 105 (1979), as follows:

> As a general rule, a party as to whom an action has been dismissed is ordinarily not aggrieved by the judgment or decree subsequently rendered therein, and for that reason, as well as because he is no longer a party, he cannot appeal the judgment. 'An appeal filed by one who has ceased to be a party to suit is a mere nullity.' As no appeal was taken from the ruling on appellant's second demurrer dismissing it as a party, it no longer has the capacity to continue this action. The lack of capacity to continue renders the appeal on the

first demurrer academic and moot. (Citations omitted).

Since this court finds that CFI could appeal its dismissal after a final judgment, pursuant to *Link*, and there has been no final state judgment in this case as of this date, the ruling in *Nance* is inapplicable. *See also State ex rel. McLeod v. C & L Corp., Inc.*, 280 S.C. 519, 313 S.E.2d 334, 340 (Ct.App.1984) ("When multiple defendants are joined in the same action, an order dismissing some but not all of them is ordinarily not final or appealable.")

**6.** In *Combined Metals*, the appeal was held to be moot since the purchasers and other interested parties were not before the court. As seen below, the case before this court is distinguishable since all interested parties are before the court.

U.S.C. § 365(a), a lease between the debtor and CFI. The Bankruptcy Court further denied CFI's motion for a stay pending appeal and no such relief was thereafter sought in this court. An appellant, however, is not obligated to seek a stay pending an appeal. *In re Highway Truck Drivers & Helpers Local Union No. 107*, 888 F.2d 293 (3d Cir.1989). As stated in an oft-quoted bankruptcy treatise:

> The appellant [who does not obtain a stay of a bankruptcy order] pending appeal does not lose the right of appeal merely because the judgment has been executed or otherwise acted upon if effective relief can be recused following reversal.

Collier, *Bankruptcy*, § 8005.05 (1989).

Thus, the critical issue on appeal to this court becomes whether this court can give effective relief to CFI if the Bankruptcy Court's order is reversed. Based on the reasons stated below, this court believes it can give effective relief, should CFI prevail on the merits of its appeal of the Bankruptcy Court's order.

All parties to the transactions involved in this dispute are before this court. A case is not moot if the court has the "ability to undo the effects of conduct that was not prevented by the time of the decision." *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir.1986), citing 13A, Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3533.3, at 278–79 (1984). Numerous courts have held that where all parties are before the court, the court is not bereft of authority to "undo" previous events. *See, e.g., Bastian v. Lakefront Realty Corp.*, 581 F.2d 685, 691 (7th Cir. 1978) (execution of student housing leases held not to prevent effective relief since "the action [could] be undone by orders directed to parties before the court....."); *Burbank Anti–Noise Group v. Goldschmidt*, 623 F.2d 115, 116 (9th Cir.1980) (all actions could be undone by appellate court which had the power to affect the rights of the litigants since all parties to the transactions were before the court); *Federal Trade Comm'n v. Weyerhaeuser Co.*, 665 F.2d 1072, 1077 (D.C.Cir.1981) (mootness argument fails where court can command return to the status quo and no absent parties are harmed); *Paris v. United States Dep't of Housing and Urban Dev.*, 713 F.2d 1341, 1344–45 (7th Cir.1983) (even if rescission of a sale of property was required in order to effect relief, it was not beyond the powers of the court where all parties affected were before the court; citing *Bastian*, 581 F.2d 685).

This is not a case where the absence of a party to the transaction disarms this court from granting effective relief. *See, Federal Trade Comm'n*, 665 F.2d at 1077 (for cases cited therein for the proposition that an appeal is moot where interested parties are not before the court). Rather, this is a case where all parties necessary to effective disposition of this appeal are represented in this court, rendering this appeal is not moot.

### III. CONCLUSION

The doctrine of issue preclusion does not foreclose review of the Bankruptcy Court's order. Furthermore, this appeal is not moot since effective relief can be afforded to CFI, should it prevail on the merits of this appeal.

It is therefore,

ORDERED, that the appellees' motion to dismiss the appeal be DENIED.

AND IT IS SO ORDERED.