In re EQUIPMENT SERVICES,
INC., Debtor.

United States Trustee, Appellant,

v.

Equipment Services, Inc., Appellee.

No. 1:00CV00143.

United States District Court,
W.D. Virginia,
Abingdon Division.

March 30, 2001.

Margaret K. Garber, Office of the United States Trustee, Roanoke, VA, for appellant.

John M. Lamie, Browning & Lamie, P.C., Abingdon, VA, for appellee.

## OPINION

JONES, District Judge.

The question in this bankruptcy case is whether a debtor's attorney is entitled to payment of a fee from a pre-petition retainer held by the attorney, for services rendered after the bankruptcy case had been converted to chapter 7. While I hold that a 1994 amendment to the Bankruptcy Code withdrew the power of the bankruptcy court to award a fee to a chapter 7 debtor's attorney from the funds of the bankruptcy estate, I find that it was permissible under the facts of this case for the debtor's attorney to be paid from the pre-petition retainer.

### I

The debtor, Equipment Services, Inc., filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 24, 1998. Prior to this filing the attorney for the debtor received the sum of $6,000 from his client. Of this amount, $1,000 was used to pay certain costs in connection with the bankruptcy case, including the filing fee of $830. The remainder of $5,000 was deposited in the attorney's trust account. While there was no written agreement between the client debtor and the attorney, the attorney rep-

resented to the bankruptcy court that this amount was a retainer, and explained the understanding concerning its use as follows:

> MR. LAMIE: Well, the retainer was to pay me in advance for fees that I would earn during the case, Your Honor. And it was to assure some payment of those fees. That is the reason. That is the way we explained to the client.
>
> THE COURT: Was it your understanding that any unused fees at the end of the case would be, in effect, refunded back to the Debtor?
>
> MR. LAMIE: Oh, it would be the Debtor's property at the end of the case, yes, Your Honor.
>
> THE COURT: So the effect it [sic] to protect you ... you know, your ability to get paid, is what you were doing?
>
> MR. LAMIE: Yes. Yes, the money was put into trust and is billed against it. That is the way we have handled it.

(Tr. 6.) This payment to the attorney was duly disclosed at the time of the filing of the voluntary petition.[1]

▮▮▮▮ After the filing of the chapter 11 petition, the attorney for the debtor was employed with the permission of the bankruptcy court to represent the debtor-in-possession. Thereafter, however, on March 17, 1999, on the motion of the United States trustee,[2] the case was converted to chapter 7 and a trustee was appointed to administer the bankruptcy estate. Some fourteen months later, on June 5, 2000, the attorney for the debtor filed an application seeking approval of attorney's fees in the amount of $2,325 and expenses of $3.85 for services rendered from December 24, 1998, the date of filing of the chapter 11 petition, through May 31, 2000.

The United States trustee objected to this application to the extent that it sought payment for services rendered after the date of conversion of the case to chapter 7.[3] Following a hearing, the bankruptcy court (Stone, J.), by written opinion, sustained the objection to any payment to the attorney for services rendered after the date of conversion *only* to the extent that the funds held in retainer were insufficient to cover the total fees and expenses allowed in the case. *See In re Equip. Servs., Inc.*, 253 B.R. 724, 733–34 (Bankr. W.D.Va.2000).

Based on this opinion, the bankruptcy court entered an order allowing the attorney a fee of $1,000 for services rendered after the date of conversion and further ordered that the attorney turn over to the trustee the balance of any funds held in retainer after deducting amounts allowed by the court for services rendered and expenses incurred in the chapter 7 case.

---

1. Section 329 of the Bankruptcy Code requires an attorney representing a debtor to file with the bankruptcy court a statement of compensation paid "for services rendered or to be rendered in contemplation of or in connection with the case...." The section further provides that "[i]f such compensation exceeds the reasonable value of any such services," the court may cancel the fee agreement or order the return of the excessive amount. 11 U.S.C.A. § 329(a) (West 1993).

2. United States trustees are officials of the Department of Justice and are responsible for the appointment and supervision of bankruptcy trustees and the supervision of the administration of bankruptcy cases. *See* 28 U.S.C.A. § 586 (West Supp.2000). A United States trustee may raise, appear and be heard on any issue. *See* 11 U.S.C.A. § 307 (West 1993).

3. Without objection, the bankruptcy court approved a fee of $1,325 and expenses of $3.85 for services rendered *prior* to the date of conversion of the case to chapter 7. The remaining requested amount of $1,000 represented services rendered *after* the date of conversion.

The United States trustee timely noted an appeal from this order and the debtor thereafter noted a cross-appeal.[4] The issues have been briefed and argued and the case is ripe for decision.[5]

## II

The bankruptcy court held, as urged by the United States trustee, that the Bankruptcy Code, by virtue of its 1994 amendment, does not permit the attorney for a debtor to be compensated from funds of the bankruptcy estate in a chapter 7 case. Nevertheless, the bankruptcy court held that the bankruptcy estate has a property interest in a pre-petition attorney's retainer only to the extent that there are any funds left over after all of the attorney's fees and expenses have been paid from the retainer. Accordingly, the bankruptcy court found that it was proper for it to approve attorney's fees and expenses to be paid from the pre-petition retainer, even for services performed for the debtor after conversion of the case to chapter 7.

It is first necessary for me to determine whether the bankruptcy court was correct in its holding that the Bankruptcy Code does not allow a chapter 7 debtor's attorney to be paid from the funds of the bankruptcy estate. If the bankruptcy court was in error in this regard, then further analysis of the nature of the estate's property interest in the pre-petition retainer is unnecessary.

This court reviews the bankruptcy court's decisions on questions of law de novo. *See Chmil v. Rulisa Operating Co.*

*(In re Tudor Assocs., Ltd., II),* 20 F.3d 115, 119 (4th Cir.1994).

## III

The first question for resolution involves the mysterious disappearance from the Bankruptcy Code of the language that expressly authorized a fee award to the debtor's attorney in chapter 7 cases. As originally adopted in the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549 (1978)—which established the present Bankruptcy Code—the statute in question provided, in pertinent part, as follows:

(a) After notice to any parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, *or to the debtor's attorney—*

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

---

**4.** The debtor objects to the bankruptcy court's holding that the Bankruptcy Code does not permit compensation for the debtor's attorney in a chapter 7 case to be paid from the funds of the bankruptcy estate.

**5.** No stay of the bankruptcy court's order was obtained and the attorney's fee has now been paid from the attorney's trust account. Based

on this payment, the debtor has moved to dismiss the appeal as moot. However, all of the parties are before the court and the court thus has the power to undo the payment. Accordingly, the appeal is not moot and the motion to dismiss will be denied. *See In re Harborview Dev. 1986 Ltd. P'ship,* 149 B.R. 378, 383 (D.S.C.1993).

11 U.S.C.A. § 330(a) (West 1994) (emphasis added).

In an effort to accommodate contemporary economic developments, Congress amended the Bankruptcy Code by the Bankruptcy Reform Act of 1994 ("the 1994 Act"). *See* Pub.L. No. 103–394, 108 Stat. 4106 (1994).[6]

In its markup of the 1994 Act, designated S. 540, the Senate Judiciary Committee replaced the original language of § 330(a) and inserted the following:

> (a) (1) After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103, *or the debtor's attorney,* after considering comments and objections submitted by the United States Trustee in conformance with guidelines adopted by the Executive Office for United States Trustees pursuant to section 586(a)(3)(A) of title 28—
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

S.Rep. No. 103–168, 1993 WL 444315, at *247 (emphasis added). A new subsection, designated § 330(a)(3), articulated the manner in which a "reasonable" fee was to be calculated. *See id.*

On April 21, 1994, Senator Metzenbaum introduced a floor amendment that deleted the last clause from § 330(a)(1) regarding comments and objections by the United States trustee to fee awards and moved the language to a new subsection (a)(2). *See* 140 Cong. Rec. S4741 (daily ed. Apr. 21, 1994), WL 140 Cong. Rec. S4741–01, at *4741. The amendment also deleted the preceding four words, "or the debtor's attorney." *See id.* The amendment was adopted and S. 540, as amended, was approved by the Senate that day. *See* 140 Cong. Rec. S4676 (daily ed. Apr. 21, 1994), WL 140 Cong. Rec. S4666–02, at *4676.

During consideration later that year of the 1994 Act by the House of Representatives, the issue of the deletion of the "debtor's attorney" clause was specifically brought to the attention of legislators by the National Association of Consumer Bankruptcy Attorneys. Addressing the Metzenbaum amendment, the Association called the clause's deletion "apparently inadvertent" and a "drafting error[ ]." *Bankruptcy Reform: Hearing on H.R. 5116 Before the Subcomm. on Econ. and Commercial Law of the House Comm. on the Judiciary,* 103d Cong. 550–51 (1994). Nevertheless, the Metzenbaum amendment became part of the text of the final legislation passed by the House. *See* Pub.L. 103–394, § 225(b), 108 Stat. at 4130.

Accordingly, the version of § 330 that became law reads in part as follows:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—
>
> (A) reasonable compensation for actual, necessary services rendered by the

---

**6.** The 1994 Act, among other things, established a bankruptcy review commission, amended the code in certain respects regarding its application to cases involving commerce, credit, and individual debtors, and added a temporary chapter to govern reorganization of small business. *See* S.Rep. No. 103–168 (1993), 1993 WL 444315, at *1.

trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C.A. § 330(a)(1) (West Supp.2000).[7]

No principled reason appears in any legislative history for the removal of the crucial words, nor is there a record of any debate of the deletion. In 1997, two bills were introduced that included provisions that would have added the "debtor's attorney" language back to § 330(a). *See* H.R. 120, 105th Cong. § 7 (1997), WL 1997 CONG U.S. HR 120; H.R. 764, 105th Cong. § 4 (1997), WL 1997 CONG U.S. HR 764. Neither of those measures passed.

The question is whether the deletion of the "debtor's attorney" language in § 330(a)(1) was an unintended error and thus should be disregarded, or whether the language of the 1994 amendment, being plain, must be enforced. On this question judicial decisions have divided.[8]

Those courts declining to give effect to the 1994 amendment as a "scrivener's error" point to (1) the ambiguity created in the statute by the mention of "attorney" in § 330(a)(1)(A) when § 330(a)(1) is read to exclude the "debtor's attorney" clause; (2) the omission of a disjunctive "or" before the "professional person" clause within subsection (a)(1); and, perhaps most importantly, (3) the legislative history suggesting that the deletion of the "debtor's attorney" clause was unintentional.

 The question is not free from doubt. It is easy to believe that the explanation for the disappearance of "or the debtor's attorney" in § 330(a)(1) is simply that the author of the Metzenbaum amendment inadvertently "crossed out a few too many words" when removing the United States trustee language. *In re Century Cleaning Servs., Inc.*, 195 F.3d at 1059–60. Nevertheless, the necessarily limited role of judicial interpretation of legislative acts

---

7. Also enacted as part of the 1994 amendments was the following provision:

In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C.A. § 330(a)(4)(B) (West 2000). Sections 327 and 1103, referred to in § 330(a)(1), relate to professional persons employed by trustees and committees of creditors. Since a debtor in possession has the powers of a trustee, the attorney selected by the debtor in possession in a chapter 11 case may receive a fee award as a "professional person employed under section 327." *See* § 330(a)(1).

8. *Compare In re Top Grade Sausage, Inc.*, 227 F.3d 123 (3d Cir.2000); *United States Trustee v. Garvey, Schubert & Barer (In re Century*

*Cleaning Servs., Inc.)*, 195 F.3d 1053 (9th Cir. 1999); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66 (2d Cir.1996); *United States Trustee v. Eggleston Works Loudspeaker Co. (In re Eggleston Works Loudspeaker Co.)*, 253 B.R. 519, 524 (6th Cir. BAP 2000); *Towarnicky, P.L.L.C. v. Peyton (In re Taylor)*, 250 B.R. 869 (E.D.Va. 2000); *In re Brierwood Manor, Inc.*, 239 B.R. 709 (Bankr.D.N.J.1999); *In re Bottone*, 226 B.R. 290 (Bankr.D.Mass.1998); *and In re Miller*, 211 B.R. 399 (Bankr.D.Kan.1997) (declining to enforce amendment); *with Inglesby, Falligant, Horne, Courington & Nash v. Moore (In re Am. Steel Prod., Inc.)*, 197 F.3d 1354 (11th Cir.1999); *Andrews & Kurth, L.L.P. v. Family Snacks, Inc. (In re Pro–Snax Distribs., Inc.)*, 157 F.3d 414 (5th Cir.1998); *In re Skinner*, 240 B.R. 225 (Bankr.W.D.Va.1999); *In re Fassinger*, 191 B.R. 864 (Bankr.D.Or.1996); *In re Friedland*, 182 B.R. 576 (Bankr.D.Colo. 1995); *and In re Kinnemore*, 181 B.R. 520 (Bankr.D.Idaho 1995) (enforcing language as written). The Fourth Circuit has yet to rule on the question.

convinces me to enforce the statute as written.[9]

There are doubtless strong policy reasons for *not* omitting a chapter 7 debtor's attorney from eligibility for fees paid from the debtor's estate, particularly since § 330 limits compensation to those services "reasonably likely to benefit the debtor's estate." 11 U.S.C.A. § 330(a)(4)(A)(ii)(I). But judges are accustomed to enforcing laws that they consider unwise.[10] It was not irrational—even if bad policy—for Congress to have decided to preclude payment of such fees altogether, even assuming that there was likely benefit to the estate.[11]

Moreover, while the resulting sentence is awkward, it is not "nonsensical," *see Andrews & Kurth, L.L.P. v. Family Snacks, Inc. (In re Pro-Snax Distribs., Inc.)*, 157 F.3d 414, 425 (5th Cir.1998), and it is possible that the reference to "attorney" in § 330(a)(1)(A) was simply meant to emphasize that an attorney employed by a trustee might be eligible for an award.

*See In re Century Cleaning Servs., Inc.*, 195 F.3d at 1063 (dissenting opinion).

Finally, legislative history is generally irrelevant when the words of a statute are plain. *See Sigmon Coal Co. v. Apfel*, 226 F.3d 291, 304–05 (4th Cir.2000). In any event, the passage of the 1994 Act by the House of Representatives after it was apparent that the Senate had removed the "debtor's attorney" language, and the failure of later legislative efforts to put the words back into the statute, do not support the theory of a scrivener's error.

For these reasons, I find that the bankruptcy court was correct in finding that the debtor's attorney here was not entitled to an award of attorney's fees for services rendered after the case was converted to chapter 7.

## IV

Since I find that the Bankruptcy Code does not allow the debtor's attorney here to be awarded a fee from the bankruptcy estate, the remaining question is whether the attorney may satisfy any fee attribut-

---

9. Unless there is some ambiguity in the language of the statute, a court's analysis must end with the language of the statute. *See Selgeka v. Carroll*, 184 F.3d 337, 342–43 (4th Cir.1999). This rule is departed from only in those rare and "exceptional circumstances," *Burlington N. R.R. Co. v. Brotherhood of Maintenance of Way Employees*, 481 U.S. 429, 451, 107 S.Ct. 1841, 95 L.Ed.2d 381 (1987), where "a literal reading of [the] statute [will] produce a result 'demonstrably at odds with the intentions of its drafters,'" *United States v. Locke*, 471 U.S. 84, 93, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)), "where acceptance of that meaning would lead to absurd results ... or would thwart the obvious purpose of the statute," *In re Trans Alaska Pipeline Rate Cases*, 436 U.S. 631, 643, 98 S.Ct. 2053, 56 L.Ed.2d 591 (1978) (citing *Commissioner v. Brown*, 380 U.S. 563, 571, 85 S.Ct. 1162, 14 L.Ed.2d 75 (1965)), or where "an absolutely literal reading of a statutory provi-

sion is irreconcilably at war with the clear congressional purpose, [in which case] a less literal construction must be considered." *United States v. Campos–Serrano*, 404 U.S. 293, 298, 92 S.Ct. 471, 30 L.Ed.2d 457 (1971).

10. As the Fourth Circuit recently observed when faced with a similar question: "What we are being asked to do is improve the statute—to amend it, really. The [proponent's] reading of the statute may be appealing in terms of its logic, but we cannot adopt it as our own without trespassing on a function reserved for the legislative branch." *Sigmon Coal Co. v. Apfel*, 226 F.3d 291, 308 (4th Cir.2000).

11. For example, "[o]ne of the primary considerations in passing the [1994] Act was the perceived problems with professional fees." *In re Century Cleaning Servs., Inc.*, 195 F.3d at 1064 (dissenting opinion).

able to services after the chapter 7 conversion from the pre-petition retainer held by him. The bankruptcy court answered that question in the affirmative, and I agree.

The Bankruptcy Code broadly defines property of the estate, *see* 11 U.S.C.A. § 541(a)(1) (West 1993 & Supp. 2000), but the nature of the property interest must be generally determined by reference to state law, *see Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), and any limitations on that interest imposed by state law may be applicable in bankruptcy. *See Bd. of Trade of Chicago v. Johnson,* 264 U.S. 1, 12, 44 S.Ct. 232, 68 L.Ed. 533 (1924).

The bankruptcy court reasoned that since the debtor had the right under state law only to the return of any unearned portion of the retainer, and since the attorney had continued to represent the debtor after the conversion of the case to chapter 7, thus continuing to "earn" the retainer, the attorney was entitled to be compensated.

There is no doubt that under the contractual arrangement between the debtor and his attorney here, the attorney is obligated to return any unearned portion of the retainer. Indeed, under Virginia law, an attorney, by virtue of professional obligation and even absent any agreement, must return any portion of a fee unearned at the termination of employment. *See* Va. Rules of Prof. Conduct 1.16(d) (Michie 2000).

In the present case, however, the fee paid to the attorney was not unearned simply because the case was converted to chapter 7. While a chapter 7 debtor's attorney may not be entitled under the Bankruptcy Code to compensation from the estate, the debtor is not prohibited from being represented and until such representation is ended, the debtor—and hence, the debtor's bankruptcy estate—is not entitled to a refund.[12]

Section 329 of the Bankruptcy Code clearly anticipates that pre-petition legal fees will be paid by debtors, and because of the potential for overreaching in such circumstances, gives the bankruptcy court broad power to cancel the agreement or order the return of any excessive payment. *See* 11 U.S.C.A. § 329(b) (West 1993). This provision, together with the trustee's power to avoid fraudulent transactions, helps insure that debtors' attorneys will only receive proper payments from pre-petition retainers.[13]

For these reasons, I find that the bankruptcy court was correct in allowing the debtor's attorney to receive fees from the pre-petition retainer.

### V

In accord with this opinion, a final judgment will be entered affirming the order of the bankruptcy court.

12. The United States trustee has not argued that the retainer agreement with the attorney here was rejected pursuant to the trustee's power to reject executory contracts. *See* 11 U.S.C.A. § 365 (West 1993 & Supp.2000).

13. In the objection to the application for attorney's fees, the United States trustee alternatively relied on the ground that the application "does not state what, if any, benefit the services rendered by the Applicant were to the estate." (R. at 13.) The bankruptcy court did not expressly rule on this objection, but the United States trustee did not designate that failure as an issue on appeal (R. at 7) and has not urged reversal on that ground in brief or oral argument.